[No. 12154–5–I.   Division One.   September 3, 1985.]

HOWARD PETERSEN, *Respondent,* v. GEORGE L. SCHAFER, *Appellant.*

*Murphy & McGowan* and *Mark S. Elgot,* for appellant.

*Dubuar, Lirhus & Engel* and *Douglas J. Engel,* for respondent.

WEBSTER, J.—Respondent, Howard Petersen, is an assignee of real property rights formerly held by Haines and Mary Ellen Gaffner.[1] The appellant, George L. Schafer, is Gaffner's former business associate. Schafer and Gaffner had entered into a joint venture agreement which purported to convey a one–half interest in certain real property to Schafer. A dispute arose over whether or not the agreement did indeed convey an interest in the real property. After a bench trial, the judge quieted title in favor of Petersen and awarded Schafer a money judgment for quantum meruit. Schafer appeals the judgment quieting title in Petersen. Petersen filed a cross appeal protesting Schafer's judgment for quantum meruit, which included prejudgment interest. We reverse.

The subject matter of this appeal is real property, Parcel A and Parcel B,[2] known as the Palms Motel. Gaffner owned a real estate contract vendor's interest in Parcel B and was the apparent owner of a real estate contract ven-

[1]Haines and Mary Ellen Gaffner will be referred to hereinafter as Gaffner.

[2]The legal description of the two parcels is as follows:

"Parcel A:

"The east 250 feet of the south 120 feet of the west half of the southeast quarter of the southeast quarter of the northeast quarter of Section 28, Township 23 North, Range 4 East, W.M., in King County, Washington.

"Parcel B:

"South 120 feet of the west half of the southeast quarter of the southeast quarter of the northeast quarter; AND south 120 feet of that portion of the east half of the southwest quarter of the southeast quarter of the northeast quarter lying east of State Highway Number 1, All in Section 28, Township 23 North, Range 4 East, W.M., in King County, Washington;

"EXCEPT that portion lying within east 250 feet thereof."

dor's interest in Parcel A.[3] The vendee's interest in both parcels was owned by a Vernon Campbell.

On August 14, 1970, Gaffner signed a document, titled "Joint Venture Agreement" (JVA), which purported to convey a one–half interest in the Palms Motel property to Schafer. The document was prepared by Schafer's attorney. The JVA was later recorded on behalf of Schafer.

The JVA also provided that Schafer would manage the motel and redeem possession of the real and personal property which had been forfeited by Campbell.[4] Additionally, the agreement set forth a plan for disbursement of moneys received from the motel operation.

Schafer began managing the motel in approximately December of 1970 and ceased managing it early in 1973. Gaffner, who traveled often, was not aware until 1976 that Schafer was no longer managing the motel. The motel operated at a loss every year from 1970 through 1976.

In 1976, because of numerous judgments against the property, the deterioration of the property, and suspected illegal activities at the motel, Gaffner decided to raze the motel buildings.

On February 27, 1980, Campbell conveyed his interest in the property to Schafer by way of a quitclaim deed in lieu of forfeiture.[5]

Gaffner assigned all his rights in the Palms Motel property, including his rights under the JVA, to Petersen, on June 10, 1980. On March 31, 1981, Petersen filed this lawsuit, in King County Superior Court, to clear the title to

---

[3]In 1971 in a separate action, a trial court judge determined that one Vesta Howell held an interest in Parcel A superior to Gaffner's. Gaffner was represented in the action by Transamerica Title Co. Gaffner paid $7,000 to Howell, in 1971, to purchase her interest in the property.

[4]In 1969, Campbell became delinquent in his payments under the real estate contract.

[5]Although Schafer obtained the deed in his name only he does not dispute that Gaffner, or Gaffner's assignee, is entitled to one–half the interest conveyed by Campbell's quitclaim deed.

the Palms Motel property.

At a bench trial in June 1982, the trial judge found that the JVA was invalid, unenforceable and not a deed. The judge quieted title in favor of Petersen, set aside the deed executed by Campbell, and gave Schafer a judgment against Petersen in the amount of $10,750, on the basis of quantum meruit, plus prejudgment interest. Schafer's counterclaim for partition and sale was denied. Petersen was awarded statutory attorney's fees and costs.

Schafer appeals, alleging 26 assignments of error. Petersen cross–appeals the judgment for quantum meruit and prejudgment interest awarded to Schafer.

We first consider Schafer's contention that this action is barred by the statute of limitations. Schafer argues that this action is really one to recover real estate conveyed by a deed through fraud or mistake and, therefore, is subject to a 3–year statute of limitations. Schafer relies on *Morgan v. Morgan,* 10 Wash. 99, 38 P. 1054 (1894) (stating that the statute of limitations operates to bar suit where the alleged fraud was the basis of the action). However, in the present case Petersen did not allege, in his amended complaint, any fraud in the procurement of the real property. Therefore, *Morgan* is not applicable.

This action is an action to quiet title. Actions to quiet title are not subject to the statute of limitations. *Van Sant v. Seattle,* 47 Wn.2d 196, 287 P.2d 130 (1955); *Inland Empire Co. v. Grant Cy.,* 138 Wash. 439, 245 P. 14 (1926); *Wagner v. Law,* 3 Wash. 500, 28 P. 1109 (1892). This is so even though fraud is practiced in creating the cloud, where the gravamen of the action is to quiet title. *Bradbury v. Nethercutt,* 95 Wash. 670, 164 P. 194 (1917); *Wagner v. Law, supra.* We hold that this action is not barred by the statute of limitations.

Next we consider whether the JVA is a deed or an executory contract for the future conveyance of real property. We hold that it is a deed.

RCW 64.04.020 provides: "Every deed shall be in writing, signed by the party bound thereby, and acknowledged by

the party before some person authorized by this act to take acknowledgments of deeds." The JVA meets these requirements.

Nevertheless, Petersen contends the language in the JVA is ambiguous because Gaffner intended to convey the property only after Schafer had performed under the agreement. Whether a written contract is ambiguous is a question of law. *McGary v. Westlake Investors,* 99 Wn.2d 280, 661 P.2d 971 (1983). If the language is not ambiguous then parol evidence as to the parties' intent is not necessary. "The intent of the parties to the contract is to be gleaned from the document itself, and only if it is ambiguous is parol evidence regarding the parties' actual intent admissible." *McGary,* at 286.

The JVA reads, in pertinent part:

JOINT VENTURE AGREEMENT

IT IS HEREBY AGREED between Haines B. Gaffner and Mary Ellen Gaffner, his wife, hereinafter referred to as "Gaffner", and George L. Schafer, hereinafter referred to as "Schafer", that for and in consideration of the mutual covenants hereinafter contained, and other valuable consideration, receipt of which is hereby acknowledged, that:

. . .

2. . . . . Gaffner's interest in said real property has been in the past a seller's interest therein, but that the underlying contract to Vernon A. Campbell has been forfeited, and Schafer will immediately commence to take what other action including lawsuits, if necessary, to redeem possession of the said real and personal property, including quiet title actions, if necessary, and will thereafter manage said motel and the aforesaid real and personal property, and Gaffner hereby grants, conveys and transfers to Schafer an undivided one–half (1/2) interest in all of the aforesaid real property, together with the aforesaid personal property.

Although the JVA does not state that it is a deed, we find that the language used, "hereby grants, conveys and transfers", clearly and unambiguously indicates a present conveyance. Where the language is not ambiguous, ambiguity will not be read into a contract. *Black & Co. v. P & R Co.,*

12 Wn. App. 533, 530 P.2d 722 (1975).

■ Petersen also argues that Schafer's promises to perform (*i.e.*, to redeem possession of the property from Campbell and to manage the motel business) fail as consideration for the deed because they are illusory. He contends that Schafer's promises make performance optional because no time frame for the performance is specified. In *Investment & Sec. Co. v. Adams,* 192 Wash. 41, 72 P.2d 288 (1937), the Washington Supreme Court held that promises to be performed in the future were sufficient consideration for the making and delivery of a mortgage. The court stated:

> "Moreover, in the absence of fraud, a deed or lease of real estate will not be set aside as for a failure of consideration, on the sole ground that the promises and agreements which entered into its execution and were to be performed *in futuro* have not been performed. Equity will not interfere where a grantor has seen fit to accept a verbal promise on the part of his grantee for the performance of certain acts without specifically providing that failure to perform should be a condition of forfeiture or in any way affect the validity of the deed or entitle him to a reconveyance."

*Investment & Sec. Co. v. Adams, supra* at 50 (quoting 4 R.C.L. 500). Schafer's promises to perform were sufficient consideration for the deed.

In summary, we hold that this action is not barred by the statute of limitations and that the JVA constituted a quitclaim deed which conveyed one–half of Gaffner's interest to Schafer, thereby creating a tenancy in common.[6] The decision of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.

In light of our holding, the award of damages to Schafer, for quantum meruit and prejudgment interest, is reversed and, therefore, we do not reach the issues raised by Petersen's cross appeal.

---

[6]Since we have determined that the deed is a quitclaim deed, Schafer does not have an interest in Gaffner's after–acquired title to Parcel A.

Reverse and remand.

SWANSON, J., and PETRIE, J. Pro Tem., concur.

Reconsideration denied December 17, 1985.

Review denied by Supreme Court February 21, 1986.