[No. 17039-0-III.   Division Three.   May 11, 1999.]

*In the Matter of the Parentage of* AUSTIN SMITH-BARTLETT, DEBORAH SMITH, *Appellant*, WILLIAM H. BARTLETT, *Respondent.*

634

*Eugster, Haskell,* by *Stephen K. Eugster,* for appellant.

*Connelly & Connelly,* by *Michael F. Connelly,* for respondent.

SWEENEY, J. — Pursuant to a parenting plan, a dispute over visitation times went to mandatory arbitration. The superior court denied de novo review of the arbitration decision. The mandatory dispute resolution provisions of the

domestic relations statute require de novo review. RCW 26.09.184(3)(e). So we reverse and remand.

## FACTS

Deborah Smith and William Bartlett are the parents of Austin Smith-Bartlett. In a paternity action, the superior court confirmed a parenting plan on March 12, 1997. The parenting plan incorporated the required language of RCW 26.09.184(3) for alternative dispute resolution. The plan provides for mandatory arbitration. The plan also provides for sanctions for abuse of the arbitration process, and states at section V(e): "The parties have the right of review from the dispute resolution process to the superior court."

A dispute immediately arose regarding visitation.

On July 9, 1997, the superior court ordered arbitration. The order is styled "Arbitration Agreement." The order includes as findings of fact that the parties have the right of review from the dispute resolution process to the superior court, and that the parties stipulated to the use of Superior Court Mandatory Arbitration Rules (MAR). The court also concludes that arbitration should proceed according to the parenting plan.

The order then decrees that the MAR "shall be used as a guide for conducting said arbitration[.]" The order decrees that the parties agree to be legally bound by the decision, and that the parenting plan will be modified, if necessary, to conform with the arbitrator's decision. The order decrees that the decision of the arbitrator is final and is "not subject to vacation, modification or correction, except for the grounds authorized by RCW 7.04.160 and RCW 7.04-.170." Finally, the order decrees that a record be prepared of the arbitration decision.

On July 31, the arbitrator filed a decision, modifying the parenting plan in several respects. Within 20 days, Ms. Smith requested a trial de novo, under the mandatory arbitration provisions of RCW 7.06.050 and the MAR. The court clerk set the matter for trial. On Mr. Bartlett's mo-

tion, the superior court struck Ms. Smith's request for trial de novo and confirmed the arbitration decision without a hearing.

Ms. Smith appeals the order confirming the arbitration and striking her request for trial de novo.

## DISCUSSION

■■ *Standard of review*: Ms. Smith assigns error to the trial court's interpretation of the arbitration statutes and the parenting plan. Both are questions of law which we review de novo. *Byrne v. Ackerlund*, 108 Wn.2d 445, 455, 739 P.2d 1138 (1987); *Kirshenbaum v. Kirshenbaum*, 84 Wn. App. 798, 806, 929 P.2d 1204 (1997).

■ *The arbitration statutes*: Arbitration is a statutory proceeding. Both the rights of the parties and the power of the court are governed entirely by statute. *Northern State Constr. Co. v. Banchero*, 63 Wn.2d 245, 249, 386 P.2d 625 (1963); *Puget Sound Bridge & Dredging Co. v. Frye*, 142 Wash. 166, 177, 252 P. 546 (1927).

■ We distinguish between three statutory arbitration schemes: (1) Voluntary arbitration pursuant to contract under RCW 7.04 provides for no review. (2) Mandatory arbitration of civil actions imposed by the court under RCW 7.06 expressly guarantees trial de novo on demand. (3) Mandatory arbitration under RCW 26.09 is conditioned on the right of review. The court exceeded its statutory authority by mandating binding arbitration.

*RCW 7.04 voluntary binding arbitration*: If parties enter into arbitration of their own volition, it is always binding. RCW 7.04.010. The court can vacate the award and order a new arbitration if the proceedings are corrupt. RCW 7.04.160. The parties may seek court confirmation of the award. RCW 7.04.150. But there is no provision for court review of the arbitration. Disappointed parties may not demand a trial de novo.

*RCW 7.06 mandatory arbitration of civil money claims*: Court-mandated arbitration of civil actions for money judg-

ments is governed by both RCW 7.06 and the MAR. RCW 7.06.020 authorizes the superior court to impose mandatory arbitration on parties to civil suits. If a party does not like the result of the arbitration, RCW 7.06.050 unequivocally requires trial de novo in the superior court upon timely request by the aggrieved party. The party demanding a new trial must pay the other's costs and fees unless he improves his position. RCW 7.06.060.

In domestic relations cases, RCW 7.06 does not authorize mandatory arbitration when anything besides money is at issue. "[A]ll civil actions which are at issue in the superior court in which the sole relief sought is the establishment, termination or modification of maintenance or child support payments are subject to mandatory arbitration." RCW 7.06.020(2).

*Superior court rules*: The Supreme Court has promulgated the MAR to govern arbitrations mandated by the superior court. This is consistent with its authorizing legislation, RCW 7.06.030. These rules are obligatory for all RCW 7.06 court-mandated arbitrations. MAR 1.1. The MAR guarantees trial de novo on demand. MAR 7.1(a), (b).

In arbitrations not subject to the MAR, the parties can subject themselves to the MAR by stipulation. MAR 8.1(b). Here, the parties did stipulate to the MAR. Mr. Bartlett argues this meant only certain parts. But the MAR precludes this interpretation by its own terms. A stipulation to the MAR invokes the rules in their entirety, unless otherwise expressly stipulated. MAR 8.1(b). An agreement to adopt the MAR piecemeal must either be established in the arbitration itself or put in writing and signed by the parties or their lawyers. MAR 8.1(a), (b). Here, the "agreement" to adopt the MAR was ordered by the court. By adopting the mandatory arbitration rules, the parties agreed to court review on demand.

*RCW 26.09.184(3) mandatory parenting plan arbitration*: This arbitration is governed by RCW 26.09.184(3). The court's authority to mandate arbitration of disputes about the implementation of parenting plans derives solely from

RCW 26.09.184(3). This statute mandates the inclusion in every parenting plan of a dispute resolution process, such as arbitration, as an alternative to court action. RCW 26.09.184(3). The statute requires that the precise language of the statute be included in every decree. RCW 26.09-.184(3)(f). The statute provides:

- Participation in the arbitration is mandatory on parents for all disputes about the plan, except those involving financial support. RCW 26.09.184(3)(b).
- The only record required to be kept of the arbitration proceedings is of the actual award. RCW 26.09-.184(3)(c).
- Abuse of the arbitration process subjects the offender to the imposition of fees and costs. RCW 26.09-.184(3)(d).
- The parties have the "right of review from the dispute resolution process to the superior court[.]" RCW 26.09.184(3)(e).

*Right of review*: Two court orders—the Smith-Bartlett parenting plan and the arbitration agreement—expressly guarantee superior court review of this arbitration decision. The parties and the court agreed the arbitration was subject to the MAR. These rules require review by trial de novo on demand by an aggrieved party. MAR 7.1. Trial de novo is also guaranteed by the mandatory arbitration provisions of RCW 7.06.050.

In Mr. Bartlett's view, the arbitration agreement, ordering binding, mandatory arbitration subject to RCW 7.04, is rendered meaningless if the de novo review provisions of RCW 7.06 are enforced. He argues that the parties and the arbitrator intended the MAR to be no more than a procedural guide for the conduct of the arbitration itself—i.e., rules of evidence. He contends that the voluntary arbitration provisions of RCW 7.04 govern because of the stipulation of the parties. The mandatory arbitration provisions of RCW 7.06, he reasons, apply only to actions where the sole relief sought is a money judgment. That is not the case here, he asserts, because even though the parties were

ordered into arbitration by the court, they nevertheless agreed to incorporate the binding provisions of voluntary arbitration of RCW 7.04.

He urges us to give effect to RCW 7.04 because it is the more general statute. He sees this as consistent with Washington decisions. *Price v. Farmers Ins. Co.*, 133 Wn.2d 490, 495, 946 P.2d 388 (1997).

But RCW 7.04 is not applicable to this arbitration. RCW 26.09.184(3) and the parenting plan govern. And both call for review by the court. The court's decision is contrary to both the statute and the plan.

*Court exceeded its jurisdiction*: The order that the arbitration be binding and subject to RCW 7.04 is beyond the power of the court. The superior court cannot mix and match the arbitration rules from different statutes, because its jurisdiction to mandate arbitration is statutory. *Banchero*, 63 Wn.2d at 249.

Here, the court complied with RCW 26.09.184(3) by including in the parenting plan mandatory arbitration conditional on the parties' right of court review. But then, in provision 6 of the "Arbitration Agreement" order, the court decreed that the arbitration was binding and subject to the "no review" provisions of RCW 7.04.

This is contrary to the governing statute in several respects. First, by denying review, the order is facially inconsistent with RCW 26.09.184(3)(e). Second, it is contrary to the parenting plan. Third, the order is inconsistent with its own findings and conclusions. The court found both that the parties stipulated to arbitration according to the parenting plan, and that the parenting plan governed. Finally, only the parties, not the court, can subject themselves to the restrictive provisions of RCW 7.04. MAR 8.1(a).

Mr. Bartlett discusses the arbitration agreement as if it were truly an agreement. On its face, however, it is an order of the court. The only agreement reflected in it is that both the parenting plan and the MAR should apply.

*Arbitrator exceeded his authority*: Neither of the par-

ties mentions this, but the arbitrator's decision also has jurisdictional implications. To the extent it purports to modify the parenting plan, the arbitrator's decision exceeds the power of the court to delegate.

Interpretation of a parenting plan is not a modification of the plan itself. So the court can delegate this responsibility. However, any modification, no matter how slight, requires an independent inquiry by the court. RCW 26.09.260(1), (4); *Kirshenbaum v. Kirshenbaum*, 84 Wn. App. 798, 807, 929 P.2d 1204 (1997).

The ultimate responsibility for overseeing the performance of the parenting plan remains with the court. *Id.* at 804. Even the court's power to delegate its interpretive function is conditioned on the parties' retaining the right of review by the court. *Id.* at 807.

The arbitrator's decision here purports to modify the parenting plan by changing the visitation schedule, correcting a clerical error, and authorizing the mother to take the child out of the country. For that reason alone the decision is subject to an independent fact-finding hearing by the court, because it departs from the authorized statutory scheme. RCW 26.09.260(1), (4); *Kirshenbaum*, 84 Wn. App. at 807.

Ms. Smith was erroneously denied her statutory right to review of the arbitration decision in the superior court. We next turn to the type of review she is entitled to.

■ *Scope of superior court review*: The boundaries of review are prescribed by statute. They are jurisdictional and cannot be changed by stipulation. *Sullivan v. Purvis*, 90 Wn. App. 456, 459-60, 966 P.2d 912 (1998). Ms. Smith is entitled to de novo review of the arbitration decision by the superior court as a matter of law.

Mr. Bartlett agues that the superior court review referred to in the parenting plan means review of the process only. He bases this on the language as derived from RCW 26.09.184(3). The purpose of this section, he contends, was to provide the same type of review as that provided by RCW

2.24.050 for review of a commissioner's ruling. He also contends that the policies of judicial economy and efficiency underlying the dispute resolution provisions of the parenting plan also militate against trial de novo.

But RCW 2.24.050 is irrelevant. The only relevant statute is RCW 26.09. And it mandates de novo review. RCW 26.09.184(3)(e).

As a general rule, when a statute provides for superior court review, it means review de novo.[1] The statutes use the terms "trial de novo" and "de novo review" pretty much interchangeably.

In the context of arbitration, however, "trial de novo" is *not* a review—de novo or otherwise—of the arbitration proceedings. The trial de novo must be conducted as though no arbitration proceedings had ever occurred. RCW 7.06.050; MAR 7.2(b)(1). The arbitration proceedings are sealed. MAR 7.2(a). Absolutely no reference may be made to any aspect of the arbitration, even the fact that it existed, before, during or after the de novo trial. MAR 7.2(b)(1). The "trial" in the trial de novo after a failed arbitration refers specifically to the preexisting cause of action on which the parties were entitled to a trial before the arbitration.

That is a horse of a different color. What is required here is a de novo review of the arbitration. It is the arbitrator's decision that the superior court must review. *Kirshenbaum*, 84 Wn. App. at 807. The term "review" is undefined in the statute, but the nature of the contemplated review must necessarily be de novo.

This is because a record of the arbitration proceedings is optional. RCW 26.09.184(3)(c). In this case, both the parenting plan and the "Arbitration Agreement" order call

---

[1]For example, de novo review is expressly provided for in the following: RCW 16.65.450 (animals, estrays, brands and fences); RCW 17.04.230 (weeds, rodents and pests); RCW 19.118.100(1) (motor vehicle warranties—consumer may request trial de novo of arbitration decision); RCW 28A.645.030 (school board appeals); RCW 36.40.170 (county budget emergencies); RCW 42.17.340(3) (campaign finance disclosure); RCW 79.01.500 (public lands act); RCW 82.32.180 (excise taxes); RCW 85.05.076 (diking and drainage).

for a record to be kept of the arbitration award only, not the proceedings. The only way for the court to review the arbitrator's decision, therefore, is to listen to the parties and decide who should prevail in light of the parenting plan. This is a review de novo.

As Mr. Bartlett points out, this is inconsistent with RCW 26.09.184's stated intent to divert squabbles over visitation from the courts. RCW 26.09.184(1)(f). The statute, however, contemplates that court involvement will sometimes be necessary. It discourages abuse of the process through financial sanctions. RCW 26.09.184(3)(d). Here, because the litigation between Mr. Bartlett and Ms. Smith has been contentious from the beginning, the court put the parties on notice that sanctions would be imposed for abuse of the process.

We reverse and remand for a hearing de novo.

SCHULTHEIS, C.J., and BROWN, J., concur.