[No. 26895-1-III.    Division Three.    March 17, 2009.]

SALES CREATORS, INC., *Respondent*, v. LITTLE LOAN SHOPPE, LLC, ET AL., *Petitioners*.

*Michael J. Beyer*, for petitioners.

*Scott C. Cifrese* and *Jeffrey J. Aultman* (of *Paine Hamblen, LLP*), for respondent.

¶1 SCHULTHEIS, C.J. — This court granted discretionary review of a Spokane County Superior Court ruling that ordered the parties to arbitrate their dispute under the Mandatory Arbitration Rules (MAR), chapter 7.06 RCW. We conclude that the parties' arbitration clause provided for private binding arbitration under chapter 7.04A RCW. We reverse and remand.

## FACTS

¶2 On April 10, 2006, Sales Creators, Inc., and Little Loan Shoppe, LLC, entered into a contract whereby Sales would provide business consulting services to Little Loan. The agreement contained the following provision for resolution of disputes:

> In the event of any claims arising from this agreement, both parties agree to attempt resolution through arbitration. It is agreed the cost of such matter will be split between the two parties. All arbitration shall be binding.

Clerk's Papers (CP) at 12.

¶3 On April 25, 2007, Sales filed a lawsuit against Little Loan for recovery of $20,011 for services rendered, alleging breach of contract. In its answer, Little Loan requested dismissal of the lawsuit based on Sales' failure to pursue private binding arbitration. Sales, in turn, filed a statement of mandatory arbitration under the MAR. On August 23, the superior court found that the matter was subject to mandatory arbitration under MAR 1.1 and appointed an arbitrator.

¶4 Little Loan filed a CR 56 motion to dismiss based on Sales' failure to pursue binding arbitration, stating it "was

never expected or contemplated and contrary to our express agreement that any litigation or suit would be commenced if there was a dispute." CP at 26.

¶5 At the hearing on the matter, Little Loan asked the court to dismiss the lawsuit so the parties could pursue private binding arbitration. Sales responded that the motion was moot because both parties agreed that the dispute was subject to arbitration and that Sales had pursued arbitration pursuant to the agreement. The superior court denied Little Loan's motion to dismiss, finding that the "Mandatory Arbitration Rules satisfy the contractual provisions set forth in the Consulting Agreement entered into by the parties." CP at 28-29.

¶6 Little Loan filed a motion for discretionary review of the superior court's order, which was denied by a commissioner of this court. We subsequently granted Little Loan's motion to modify the commissioner's ruling. Little Loan filed a motion on the merits to reverse the trial court. Accordingly, the case was referred to a panel of judges pursuant to RAP 18.14(d) and RAP 17.2(b).

## ANALYSIS

¶7 The dispositive issue in this case is whether the parties' contract contemplated private binding arbitration under chapter 7.04A RCW or mandatory arbitration under the MAR, chapter 7.06 RCW. Little Loan assigns error to the superior court's interpretation of the contract and arbitration statutes. We review de novo a trial court's interpretation of a contract, including an arbitration clause. *In re Parentage of Smith-Bartlett*, 95 Wn. App. 633, 636, 976 P.2d 173 (1999); *Petersen v. Schafer*, 42 Wn. App. 281, 285, 709 P.2d 813 (1985).

¶8 "Arbitration is a statutory proceeding. Both the rights of the parties and the power of the court are governed entirely by statute." *Smith-Bartlett*, 95 Wn. App. at 636. Chapter 7.06 RCW authorizes courts to impose mandatory arbitration of civil suits for small claims. *Id.* at 636-37;

*Malted Mousse, Inc. v. Steinmetz*, 150 Wn.2d 518, 79 P.3d 1154 (2003). Under this statutory scheme, parties have the right to request a trial de novo. *Smith-Bartlett*, 95 Wn.2d at 637; RCW 7.06.050. The superior court MAR govern arbitration proceedings under chapter 7.06 RCW. These rules are not applicable to private arbitration unless the parties stipulate otherwise. *Malted Mousse*, 150 Wn.2d at 525-26; MAR 1.1.

¶9 Conversely, private arbitration is governed by chapter 7.04A RCW, Washington's uniform arbitration act. *Malted Mousse*, 150 Wn.2d at 525. Under this statute, the parties may seek court confirmation of the award, but unlike mandatory arbitration, there is no provision for court review of the award. Accordingly, disappointed parties may not request a trial de novo.

¶10 Little Loan argues that the parties' agreement to binding arbitration is inconsistent with the MAR, which provide for de novo review. It also points out that the MAR explicitly state that they do not apply except by stipulation under MAR 8.1, which the parties failed to do.

¶11 In interpreting an arbitration clause, the intentions of the parties as expressed in the contract control. *W.A. Botting Plumbing & Heating Co. v. Constructors-Pamco*, 47 Wn. App. 681, 684, 736 P.2d 1100 (1987). A reviewing court ascertains the parties' intent from reading the contract as a whole and will not read ambiguity into a contract that is otherwise clear. *McDonald v. State Farm Fire & Cas. Co.*, 119 Wn.2d 724, 733, 837 P.2d 1000 (1992).

¶12 "A contract provision is ambiguous when its terms are uncertain or when its terms are capable of being understood as having more than one meaning. A provision, however, is not ambiguous merely because the parties suggest opposing meanings." *Mayer v. Pierce County Med. Bureau, Inc.*, 80 Wn. App. 416, 421, 909 P.2d 1323 (1995) (citation omitted). Further,

> strong public policy favoring finality of arbitration dictates that any ambiguity with respect to which statute the parties have

invoked—chapter 7.04 or chapter 7.06 RCW—*be resolved in favor of binding arbitration under chapter 7.04 RCW. This is especially so where the party seeking arbitration to invalidate an agreement for binding arbitration was the drafter of the agreement.*

*Dahl v. Parquet & Colonial Hardwood Floor Co.*, 108 Wn. App. 403, 412, 30 P.3d 537 (2001) (emphasis added).

¶13 Here, the arbitration clause at issue provided in part that "[a]ll arbitration shall be binding." CP at 12. We fail to see any ambiguity in this language. By agreeing to binding arbitration, the parties consented to a final resolution of any dispute under chapter 7.04A RCW, which does not provide for de novo review. *Price v. Farmers Ins. Co. of Wash.*, 133 Wn.2d 490, 497, 946 P.2d 388 (1997). Binding arbitration by its very definition is inconsistent with the de novo review allowed under the mandatory arbitration statute. RCW 7.06.050. Accordingly, we find that the trial court erred in concluding that the MAR satisfy the parties' arbitration agreement.

¶14 Finally, we decline to address Little Loan's argument that the superior court's decision violates constitutional prohibitions against impairment of private contracts. "[I]f a case can be decided on nonconstitutional grounds, an appellate court should decline to consider the constitutional issues." *HJS Dev., Inc. v. Pierce County ex rel. Dep't of Planning & Land Servs.*, 148 Wn.2d 451, 469 n.75, 61 P.3d 1141 (2003).

## CONCLUSION

¶15 The arbitration clause here provided for binding arbitration, which is consistent with voluntary private arbitration under chapter 7.04A RCW. Accordingly, the superior court erred in ordering the parties to arbitrate their dispute under the MAR. We therefore reverse and remand for proceedings consistent with this opinion.

*Attorney Fees*

¶16 Both parties seek attorney fees on appeal. Sales seeks attorney fees and costs on appeal pursuant to RAP 18.1 and 18.9. However, it is not the prevailing party; thus, we deny its request.

¶17 Little Loan requests attorney fees pursuant to RAP 18.1 and RCW 4.84.330. RCW 4.84.330 provides that "[i]n any action on a contract or lease . . . where such contract or lease specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract or lease, shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or lease or not, shall be entitled to reasonable attorney's fees." The parties' contract provided, "Client agrees to pay reasonable attorney's fees in connection with collection of this account or any costs resulting from this account being placed in the hands of an attorney or collection agency." CP at 12. Therefore, Little Loan, as the prevailing party, is entitled to attorney fees on appeal.

SWEENEY and BROWN, JJ., concur.