**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| In the Matter of the Parentage of MRK, ) | NO. 71030-3-I |
| ) | |
| MICHELLE HANSEN, ) | DIVISION ONE |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | |
| ) | |
| PETER GERALD KOHL, ) | UNPUBLISHED OPINION |
| ) | |
| Respondent. ) | FILED: October 6, 2014 |
| _____) | |

LAU, J. — This appeal involves a dispute between Michelle Hansen and Peter Kohl, parents of MRK, over a superior court order dismissing Hansen's request for superior court review of a private arbitrator's school placement decision. Because RCW 26.09.184(4)(e) provides a "right of review from the dispute resolution process to the superior court," we reverse the superior court's order denying this statutory right of review and remand for "review from the dispute resolution process to the superior court." RCW 26.09.184(4)(e). We also vacate the September 16, 2013 judgment entered in favor of Kohl awarding attorney fees, arbitration fees, and tuition.

## FACTS

The basic facts in this parentage action are undisputed. Michelle Hansen and Peter Kohl never married. They had one child together, MRK. Kohl filed a parentage proceeding under Washington's Uniform Parentage Act of 2002 (UPA), chapter 26.26 RCW. On March 20, 2013, the court entered the amended final parenting plan governing custody and parenting responsibilities. As required by the parenting plan's dispute resolution provision, they retained a private arbitrator to resolve a dispute over private versus public elementary school placement. Following an evidentiary hearing, the arbitrator decided on a private school placement for MRK. The arbitrator also required Hansen to contribute $300 per month for tuition and to pay Kohl $1,000 in attorney fees.

Hansen disagreed with the arbitrator's placement decision. On May 31, 2013, she sought statutory review of the arbitrator's decision in King County Superior Court. She filed a motion requesting a trial de novo "pursuant to MAR 7 and RCW 7.06.050 as well as the provisions of the Final Parenting Plan." At the same time, she noted a review hearing before a court commissioner on the family law motions calendar. The trial de novo was assigned to a superior court judge with a September 23, 2013 trial date.

In a May 31, 2013 e-mail to Kohl's attorney, Hansen's attorney explained her rationale for the dual scheduling:

> Ms. Hansen has requested a Trial de Novo which should result in an entirely new case schedule. However, the parenting plan states that any review of the arbitration decision will be heard on the family law motions calendar. In order to cover my bases, I have noted the request on the motions calendar with a brief outline of our argument and I have also filed the request for trial de novo with the

superior court clerk and obtained a case schedule as I believe this is the appropriate way to make the request.

Hansen's attorney withdrew about two weeks later.

On June 17, Hansen, representing herself, sent Kohl's attorney a letter informing her about Hansen's decision to seek trial de novo review of the arbitrator's decision.

> [I]t appears that I am entitled to seek review of the Arbitration Decision by way of a trial de novo under RCW 26.09.184(3)(e), despite the language in the Parenting Plan and at the end of the Arbitrator's Decision limiting a disappointed party's right of review to the Family Law Motions Calendar.

On June 27, she changed her mind about the trial de novo review. She explained to Hansen's attorney in an e-mail that she "conduct[ed] further legal research on the procedure for the de novo review on this matter" and found that "the matter is to be heard in front of a commissioner . . . ."

On July 24, Hansen moved the trial court for review of the arbitrator's decision by a trial de novo under chapter 7.06 RCW and the mandatory arbitration rules (MAR) or review by the court. She entitled her motion as, "Amended Motion for Trial De Novo or Alternatively, Motion for Review of Arbitration Decision Dated May 10, 2013." In it she claimed a right to a trial de novo based on "MAR 7.1, RCW 7.06.050(1) and Section (e) of V. DISPUTE RESOLUTION of the Amended Parenting Plan – Final Order, dated March 20, 2013."

She also requested alternative relief. "In the alternative, the Respondent requests the Court review the Arbitration Decision Re: Choice of School, dated May 12, 2013, on a de novo basis." In the statement of issues, Hansen argued, "A. Should this Court grant Ms. Hansen's request for a trial de novo? B. In the alternative, should the Court review the Arbitration Decision Re: Choice of School, dated May 10, 2013?"

On August 7, the parties appeared before the family court commissioner. The commissioner expressed reluctance to hear the school placement issue: "[I]t is assigned to [trial judge], so anything I decide today is going to undermine her decision-making." The commissioner denied Hansen's motion, explaining, "The motion is denied. Respondent has the same request pending before [trial judge] with a 9/23/13 trial date. Fee requests are reserved for the trial judge." Hansen did not move for revision of the commissioner's order.

On August 19, Kohl moved the trial court to strike the trial de novo and to enter a judgment confirming the arbitrator's decision. Hansen, acting without counsel, filed a response, arguing, "superior court review" was "mandated under the statute."

On September 11, the court granted Kohl's motion to strike the trial de novo. It ruled, "[T]he proper forum for Ms. Hansen's motion for de novo review of the arbitrator's decision was on the Family Law Motions Calendar, not a trial de novo." It reasoned: (1) the parties agreed in the amended parenting plan that "review would occur on the Family Law Motions Calendar," (2) "King County Local Family Law Rule 5(b) provides that the proper venue for hearing a review of the arbitrator's decision is the Family Law Motions Calendar," and (3) "Hansen conceded that the Family Law Motions Calendar was the proper forum for her motion in her June 27, 2013 correspondence with Mr. Kohl's attorney." It further explained, "The circumstance of the family law commissioner denying Ms. Hansen review was one of Ms. Hansen's making. Because Ms. Hansen persisted in seeking a trial de novo before [trial judge], she lost the opportunity to have the matter heard before the family law commissioner . . . ." It concluded Hansen was

"not entitled to a trial de novo before a Superior Court Judge under MAR 7.1 or RCW 7.04A et. seq."

On September 16, the court entered a final judgment requiring Hansen to pay (1) $1,900 in postarbitration attorney fees, (2) $975 for her half of the arbitrator's fee, (3) $900 for three months of private school tuition, and (4) $1,000 in attorney fees previously awarded by the arbitrator. Hansen appeals.

## ANALYSIS

As a preliminary matter, we note that Hansen raises multiple issues for the first time on appeal. The superior court record shows her arguments for a trial de novo relied almost exclusively on In re Parentage of Smith-Bartlett, 95 Wn. App. 633, 976 P.2d 173 (1999), discussed below. On appeal however she argues for the first time that the trial court, the court commissioner, and the arbitrator exceeded their authority. For example, she claims the trial court "did not have authority to strike the request for trial de novo . . . impose attorney's fees . . . [or] enter judgments with regard to decisions of the arbitrator . . . ." Appellant's Br. at 8. As to the arbitrator's authority, Hansen claims the arbitrator exceeded her authority by modifying the parenting plan.[1] She also challenges for the first time on appeal several King County local family law rules governing family law motions practice. She also challenges the "King County Superior Court Commissioner authority to conduct trials for the superior court. Trial de novo

___

[1] Hansen's premise that the arbitrator's decision constitutes a parenting plan modification is questionable. An order is modified when one party's rights are reduced or extended beyond the scope originally intended. Rivard v. Rivard, 75 Wn.2d 415, 418, 451 P.2d 677 (1969). Here, it is undisputed that both parties understood and intended that the future choice of school for the 2013–14 year would be reserved for future resolution absent agreement.

-5-

review of parenting plan decision by an arbitrator cannot be held before a court commissioner." Appellant's Br. at 20.

In sum, Hansen's arguments on appeal consistently bear little to no similarity to the arguments she made below. And her attempt to recast these new claims as "jurisdictional" is not persuasive. Generally, an appellate court will not consider issues raised for the first time on appeal. RAP 2.5(a). A party must inform the court of the rules of law it wishes the court to apply and afford the trial court an opportunity to correct any error. Smith v. Shannon, 100 Wn.2d 26, 37, 666 P.2d 351 (1983). Failure to do so precludes raising the error on appeal. Smith, 100 Wn.2d at 38. While an appellate court retains the discretion to consider an issue raised for the first time on appeal, such discretion is rarely exercised. Karlberg v. Otten, 167 Wn. App. 522, 531, 280 P.3d 1123 (2012). Because Hansen failed to properly preserve for appeal her challenges to the family law motions practice rules and the authority of the trial court, court commissioner, and arbitrator, we decline to review those challenges. Further, because neither the court commissioner nor the trial court addressed the merits of the disputed arbitrator's decision, we decline to address the propriety of that decision here.

Right of Review

Accordingly, we limit our review to whether the trial court erred when it denied Hansen's request for superior court review of the arbitrator's school placement decision.

The parties agree that de novo review governs our review of the trial court's disputed order.[2] The trial court's interpretation of the arbitration statute and the

---

[2] Kohl's brief makes passing reference with no authority to the abuse of discretion standard of review. "The trial court plainly did not abuse its discretion in

parenting plan are questions of law that we review de novo. Smith-Bartlett, 95 Wn. App. at 636.

Hansen relies mainly on Smith-Bartlett to argue that her request for trial de novo of the arbitrator's school placement and tuition decision was proper. Kohl contends that Smith-Bartlett makes clear that RCW 26.09.184's right of review to superior court provision means de novo review—not trial de novo review. He claims that because Hansen improperly noted her review as a trial de novo under the mandatory arbitration provision of chapter 7.06 RCW and the mandatory arbitration rules (MAR), the trial court properly struck her trial de novo request and properly concluded the arbitrator's decision "remained binding" against Hansen.

Smith-Bartlett provides no support for Hansen's claim that she is entitled to trial de novo of the arbitrator's decision. In Smith-Bartlett, unlike the present case, the parties stipulated to resolve their parenting plan dispute under chapter 7.06 RCW and MAR. MAR 7.1 expressly allows an aggrieved party to request a trial de novo following an adverse arbitrator's award. MAR 1.1 provides, "These [MAR] rules do not apply to arbitration by private agreement or to arbitration under other statutes, except by stipulation under Rule 8.1." (Emphasis added.)

We conclude that Hansen was not entitled to trial de novo review of the arbitrator's decision under chapter 7.06 RCW and MAR. As discussed below, Hansen and Kohl agreed to submit disputes over the parenting plan to a private arbitrator with a statutory right of review on the family law motions calendar.

---

striking the request for trial de novo." Resp't's Br. at 1. Regardless of which standard of review controls, our decision remains the same.

The parties' final parenting plan[3] and RCW 26.09.184 govern the dispute resolution process here. Under RCW 26.09.184(4), a parenting plan must contain provisions for resolving disputes.

> (4) DISPUTE RESOLUTION. A process for resolving disputes, other than court action, shall be provided unless precluded or limited by RCW 26.09.187 or 26.09.191. <u>A dispute resolution process may include</u> counseling, mediation, or <u>arbitration by a specified individual</u> or agency, or court action. In the dispute resolution process:
> (a) Preference shall be given to carrying out the parenting plan;
> (b) The <u>parents shall use the designated process to resolve disputes relating to implementation of the plan</u>, except those related to financial support, unless an emergency exists;
> (c) A written record shall be prepared of any agreement reached in counseling or mediation and of each arbitration award and shall be provided to each party;
> (d) If the court finds that a parent has used or frustrated the dispute resolution process without good reason, the court shall award attorney's fees and sanctions to the prevailing parent;
> (e) <u>The parties have the right of review from the dispute resolution process to the superior court</u>; and
> (f) The provisions of (a) through (e) of this subsection shall be set forth in the decree.

(Emphasis added.)

The parenting plan here adopted and approved by the court, ordered that disputes between the parties "shall be" resolved by a private arbitrator. In addition to the statutory provisions (a) through (e) quoted above, the parenting plan also included the right of review to the superior court of the arbitrator's decision on education decisions. The parenting plan also specifies that the "Arbitrator's Decision may be reviewed on the Family Law Motions Calendar." The parties agreed to this arbitration and court review process. Hansen's May 31, 2013 request for trial de novo filed in King County Superior Court acknowledged, "In their final parenting plan, the parties agreed

---

[3] Neither Hansen nor Kohl appealed the final parenting plan.

to submit any disputes to arbitration. The Parenting Plan provides that the parties shall have the right of review from the dispute resolution process to Superior Court. It further states that the Arbitrator's Decision may be reviewed on the Family Law Motions Calendar." Similarly, Hansen's July 24, 2013 alternative motion for a trial de novo or de novo review by the court acknowledged that the parenting plan encompassed the parties' agreement "to submit any parenting dispute to arbitration and that any arbitration decision may be 'reviewed' on the Family Law Motions Calendar."

The law is well settled that courts are charged with protecting the best interests of children in parenting proceedings. In Washington, "the best interests of the child shall be the standard by which the <u>court</u> determines and allocates the parents' parental responsibilities." RCW 26.09.002 (emphasis added).

In <u>Kirshenbaum v. Kirshenbaum</u>, 84 Wn. App. 798, 929 P.2d 1204 (1997), the dissolution decree and parenting plan vested an arbitrator with authority to make additions or alterations to the parenting plan. The parenting plan also provided a right to have all dispute resolution decisions reviewed by the superior court. The arbitrator conditionally suspended the mother's visitation rights on the grounds her conduct harmed the children. We affirmed the arbitrator's power to make this decision but emphasized that "[t]he parties have a statutory right of review from any dispute resolution process in superior court." <u>Kirshenbaum</u>, 84 Wn. App. at 806 (citing former RCW 26.09.184(3)(e)). We explained, "Because the court retained the ultimate authority to review [the arbitrator's] decisions, it did not abuse its discretion by giving [the arbitrator] authority to suspend visitation. While we agree that the court may not delegate the final and binding authority to terminate a parent's visitation rights, we find

no improper delegation here." Kirshenbaum, 84 Wn. App. at 807. We held, "[T]he court may vest an arbitrator with authority to suspend visitation as long as the parents have the right of court review. Because [the arbitrator] was not given the final and binding authority to terminate visitation, we affirm the judgment below." Kirshenbaum, 84 Wn. App. at 807. Kirshenbaum controls.

As in Kirshenbaum, the parenting plan here vested the arbitrator with authority to resolve the parties' school placement dispute subject to the right of court review of that decision. RCW 26.09.184(4) also conferred on the parties a statutory right of review from any dispute resolution process to superior court. Hansen and Kohl agreed and the parenting plan designates court review of the arbitrator's decision on the family law motions calendar. Under Kirshenbaum, the court retains the ultimate authority to review the arbitrator's nonbinding decision.

As discussed above, the trial court here properly denied Hansen's request for a trial de novo review of the arbitrator's decision. It erred, however, by denying Hansen's right to court review of the arbitrator's nonbinding decision contrary to statute and the rule in Kirshenbaum. The trial court compounded that error when it entered a final judgment against Hansen without providing for any review of the arbitrator's decision. The trial court order struck the trial de novo and entered judgment for $1,000 in attorney fees previously awarded by the arbitrator, $1,900 in postarbitration attorney fees, $975 for 50 percent of the arbitration fee, and $900 for three months' school tuition.

Kohl argued to the trial court that Hansen's trial de novo request should be stricken. To support this remedy, Kohl described Hansen's actions as "intransigence in willfully filing for an improper trial de novo, refusing to dismiss that trial date, and

simultaneously seeking relief on the family law motions calendar . . . ." He also claimed that Hansen "engaged in bad faith by forum shopping." But the trial court declined to find Hansen's actions constitute "bad faith by forum shopping" or willful "intransigence."

Nevertheless, the trial court's 10-page order on motion to strike trial de novo and request for attorney fees explained:

> The circumstance of the family law commissioner denying Ms. Hansen review was one of Ms. Hansen's making. Because Ms. Hansen persisted in seeking a trial before [the trial judge], she lost the opportunity to have the matter heard before the family law commissioner (indeed, the commissioner noted she would not hear the matter currently scheduled for a trial de novo before a Superior Court Judge; Ms. Hansen did not seek revision of this ruling).[4]

We are unaware of any controlling authority and Kohl cites to none to support the court's rationale that Hansen "lost the opportunity to have the matter heard before the family law commissioner . . . ." The record is clear. Hansen requested alternative forms of relief from the trial court—trial de novo or court review of the arbitrator's decision. The court's paramount duty is to ensure the best interest of MRK—the statutory right of review under RCW 26.09.184, the parenting plan, and Kirshenbaum all require review of the arbitrator's decision to superior court under the unique circumstances presented here.

We conclude the trial court erred when it denied Hansen's statutory right of review to superior court of the arbitrator's school placement decision involving MRK.

---

[4] We are not persuaded by this contention. On this point, Hansen was not aggrieved by the court commissioner's decision because she sought alternative relief either a trial de novo or superior court review of the arbitrator's decision. The commissioner declined to make a merits determination because "[i]t is on track for a full hearing" before the assigned trial judge.

The paramount duty to ensure that a contested arbitration decision is consistent with the best interests of the child remains with the court.

## Attorney Fees Awarded

We address the superior court's attorney fees award because the issue is likely to arise on remand. The superior court awarded Kohl $1,900 in attorney fees under RCW 26.09.140. That statute authorizes an award of fees and costs to a party "maintaining or defending any proceeding" under the UPA. RCW 26.09.140. By its plain language, the parenting act applies to the dissolution of marriage. Because Hansen and Kohl were not married, Kohl is not entitled to an award of attorney fees under RCW 26.09.140. See Foster v. Thilges, 61 Wn. App. 880, 887-88, 812 P.2d 523 (1991) (parties dissolving committed intimate relationship were not entitled to fees under RCW 26.09.140).

## Attorney Fees on Appeal

Hansen requests appellate attorney fees under RAP 18.1 and RCW 26.09.140. As discussed above, RCW 26.09.140 does not provide a basis for attorney fees in this case.[5] Hansen argues in the alternative that the UPA supports a fee award. Under the UPA, we may "order that all or a portion of a party's reasonable attorney's fees be paid by another party . . . ." RCW 26.26.140; see In re Marriage of Wendy M., 92 Wn. App. 430, 441-42, 962 P.2d 130 (1998) (UPA governs requests for attorney fees incurred in connection with a paternity action). The award is discretionary. In re Parentage of

---

[5] Hansen submitted a RAP 10.8 statement of additional authorities citing In re Parentage of C.M.F., 179 Wn.2d 411, 314 P.3d 1109 (2013). That case does not persuade us that this appeal arises from a "proceeding" under the UPA.

Q.A.L., 146 Wn. App. 631, 638, 191 P.3d 934 (2008).  We exercise our discretion and deny Hansen's request for fees in this case.

CONCLUSION

For the reasons discussed above, we reverse the trial court order denying court review of the arbitrator's decision and remand for "review from the dispute resolution process to the superior court."  RCW 26.09.184(4)(e).  We also vacate the judgment entered in favor of Kohl.

WE CONCUR: