IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| MELISSA NEWMAN, nka MELISSA POSTYENI, | ) ) ) | No. 81055-3-I |
| Respondent, | ) ) | DIVISION ONE |
| v. | ) ) | UNPUBLISHED OPINION |
| MICHAEL MARTINEK, | ) ) ) | |
| Appellant. | ) ) ) | |

HAZELRIGG, J. — Michael Martinek appeals the trial court's denial of his motion to revise a commissioner's order. The commissioner confirmed the arbitrator's decision entering a long-distance parenting plan after Martinek moved to Texas with the parties' daughter. He contends that the superior court erred by concluding that the arbitrator did not exceed her authority under the parties' agreement when she entered the long distance parenting plan. We affirm the superior court's order and deny the mother's request for attorney fees on appeal.

FACTS

Michael Martinek and Melissa Postyeni (formerly known as Melissa Newman) are the parents of a 13-year old daughter. In 2010, the court signed a divorce decree and entered a parenting plan. In 2013, the parties agreed that Martinek would be the primary residential parent. On July 29, 2017, Martinek

served Postyeni with a notice of intended relocation with their daughter from Seattle to Texas. Postyeni successfully moved for a temporary order denying the move pending trial. The parties subsequently filed a notice of settlement striking the trial date.

On July 19, 2018, the superior court entered an agreed order granting relocation to Texas and an agreed parenting plan. The parenting plan designated Martinek as the custodial parent, established joint decision making authority for both parents, and includes a finding that Martinek has a limiting factor under RCW 26.09.191 for abusive use of conflict. The parenting plan granted Postyeni residential time every Thursday after school until Friday morning, every other weekend from Thursday after school until the following Tuesday morning, half the summer, and certain holidays. The parenting plan further provided that if Postyeni did not move to the same area of Texas before August 31, 2018, "the parties will engage in mediation/arbitration to determine a long distance Parenting Plan."

Postyeni obtained an apartment in Texas and traveled there to exercise her residential time pursuant to the parenting plan while maintaining her residence in Washington. On August 22, 2018, the parties entered into an agreement to continue their mediation until November 2, 2018. Postyeni expressed "serious reservations" about moving to Texas and wanted more time to determine whether to commit to the move. On November 2, 2018, the parties again continued mediation until December 6, 2018. Postyeni eventually chose not to relocate to Texas. Thus, at the December 6, 2019 mediation, Postyeni proposed changes to

2

the current residential schedule that would facilitate her ability to live in Seattle and travel to Texas to exercise her residential time. Martinek rejected her proposal.

On February 1, 2019, Postyeni initiated arbitration of a long-distance parenting plan. On May 17, 2019, Martinek filed a motion and declaration to decline jurisdiction in Washington pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), chapter 26.27 RCW. Martinek argued that Postyeni had relocated to Texas during autumn 2018 and that he had already served her with registration of the parenting plan at her Texas address. He also requested a stay of the arbitration proceeding pending the court's decision regarding jurisdiction. Postyeni responded with a motion to stay proceedings in Texas pending the Washington court's decision regarding jurisdiction, which the Texas court granted on May 23, 2019.

On July 29, 2019, the superior court in Washington denied Martinek's motion and ruled that Washington has continuing exclusive jurisdiction over the matter. Of particular note, the court found:

> The Petitioner has resided in Washington during the pendency of the action and presently resides in the state of Washington and has an apartment in Texas to exercise her residential time pursuant to the parenting plan. The Petitioner did not leave Washington to live elsewhere.

Martinek did not appeal the order.

Following entry of the jurisdictional order, Postyeni resubmitted her request for arbitration of a long distance parenting plan. In response, Martinek proposed his own long distance parenting plan.

3

On November 1, 2019, the arbitrator issued her decision. Martinek was dissatisfied with the arbitration outcome, and on November 5, 2019 he moved for reconsideration. On November 12, 2019, the arbitrator issued her decision on reconsideration, which confirmed and clarified her original decision and included a parenting plan based on that decision.

On November 21, 2019, Martinek filed a motion for de novo review of the arbitration decision in superior court. He asserted that the court should vacate the entire arbitration decision because, among other reasons, the new parenting plan was not in the child's best interest and the arbitrator exceeded her authority by modifying the terms of the July 2018 parenting plan. On December 6, 2019, a superior court commissioner ruled that the arbitrator did not exceed her authority to enter a long distance parenting plan and denied Martinek's motion to vacate the arbitration decision. The commissioner also ruled that Martinek had not acted in bad faith and denied Postyeni's request for attorney fees.

Martinek then moved to revise and vacate the commissioner's ruling regarding the parenting plan, and Postyeni moved to revise the commissioner's ruling regarding attorney fees. On January 10, 2020, after conducting a de novo review of all documents submitted to the arbitrator, the superior court affirmed the commissioner's order. In its oral ruling, which was incorporated into the order, the court stated:

> The parties agreed to the arbitration provision. The parties' actions indicate there was no strict horizon on the arbitration provision, and I'm finding that [the arbitrator] did not exceed her authority in her decision given that she was—given that she needed to decide a long distance parenting plan and that that necessarily involves new elements to manage the long distance between the parties.

4

> This court also does a de novo review, which I have done here. I'm finding that her parenting plan was not in error and that it was—it is reasonable under the circumstances of this case.

The court also stated that Martinek "was certainly in his right to come to court on this issue" and accordingly denied Postyeni's request for attorney's fees. The court entered the final parenting plan based on the arbitrator's decision. Martinek appealed.

ANALYSIS

I.   Arbitration Provision

Martinek argues that the trial court erred by denying his motion to revise the commissioner's ruling confirming the arbitration decision. "Generally, a trial court's rulings dealing with the provisions of a parenting plan are reviewed for abuse of discretion." In re Marriage of Christel and Blanchard, 101 Wn. App. 13, 21-22, 1 P.3d 600 (2000). We also review a trial court's denial of a motion for revision of a commissioner's order for abuse of discretion. River House Dev., Inc. v. Integrus Architecture, P.S., 167 Wn. App. 221, 231, 272 P.3d 289 (2012). A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons. In re Marriage of Littlefield, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997). "On appeal, this court reviews the superior court's ruling, not the commissioner's." Maldonaldo v. Maldonaldo, 197 Wn. App. 779, 789, 391 P.3d 546 (2017). The trial court's interpretation of the arbitration

statute and the parenting plan are questions of law reviewed de novo.  In re Smith-Bartlett, 95 Wn. App. 633, 636, 976 P.2d 173 (1999).[1]

Here, the parties' final parenting plan and RCW 26.09.184(4) govern the dispute resolution process.  That statute provides:

> (4) DISPUTE RESOLUTION. A process for resolving disputes, other than court action, shall be provided unless precluded or limited by RCW 26.09.187 or 26.09.191. A dispute resolution process may include counseling, mediation, or arbitration by a specified individual or agency, or court action. In the dispute resolution process:
> (a) Preference shall be given to carrying out the parenting plan;
> (b) The parents shall use the designated process to resolve disputes relating to implementation of the plan, except those related to financial support, unless an emergency exists;
> (c) A written record shall be prepared of any agreement reached in counseling or mediation and of each arbitration award and shall be provided to each party;
> (d) If the court finds that a parent has used or frustrated the dispute resolution process without good reason, the court shall award attorney's fees and sanctions to the prevailing parent;
> (e) The parties have the right of review from the dispute resolution process to the superior court; and
> (f) The provisions of (a) through (e) of this subsection shall be set forth in the decree.

The parenting plan provided the following dispute resolution provision:

> Agreed Relocation of Both Parties to Dallas Area. The parties agree that if the father moves to Waxahachie or Midlothian, Texas, during the summer of 2018 . . . the mother will not object to relocation of the child. The mother plans to move to the same area . . . . If the mother does not move to the same area before August 31, 2018, the parties will engage in mediation/arbitration to determine a long distance Parenting Plan. Both sides will accomplish this before the end of Summer 2018.

---

[1] Our decision is the same under either standard of review.

The parenting plan defines "mediation/arbitration" as "mediation followed by arbitration by the mediator if the parties cannot reach agreement within a reasonable amount of time."

Martinek contends that the arbitrator exceeded her authority by entering the long distance parenting plan. He contends that the arbitrator's decision constituted an improper modification of the parenting plan. We disagree.

"A permanent parenting plan may be changed by an agreement, by petition to modify, and by temporary order." In re Marriage of Watson, 132 Wn. App. 222, 235, 130 P.3d 915 (2006). A modification occurs when the effect of the court's ruling causes a party's rights to be "either extended beyond or reduced from those originally intended in the decree" and requires a statutory modification procedure to be followed. Christel, 101 Wn. App at 22. Because a trial court cannot delegate its authority to modify a parenting plan, "[a]ny modification, no matter how slight, requires an independent inquiry by the trial court." In re Marriage of Coy, 160 Wn. App. 797, 804, 248 P.3d 1101 (2011). "In contrast, a trial court can delegate its responsibility of interpreting the parenting plan, as long as the parties retain a right of review by the trial court." Id. at 804 n. 5 (emphasis omitted) (citing In re Parentage of Schroeder, 106 Wn. App. 343, 353 n. 8, 22 P.3d 1280 (2001); Smith-Bartlett, 95 Wn. App. at 640).

Martinek, relying primarily on In re Marriage of Christel and Blanchard, argues that the long distance parenting plan amounted to an impermissible modification of the existing parenting plan. 101 Wn. App. 13. His reliance on Christel is misplaced. There, the parenting plan contained a dispute resolution

provision stating that requiring the parties to go mediation and, if that failed, to family law court "[i]f [they] are unable to agree on a Major Decision." Id. at 21-22. The trial court entered an order that included new provisions for dispute resolution, even though neither party had sought to change or clarify the dispute resolution process. Id. at 23. This court held that the order improperly modified the parenting plan because it went beyond explaining the provisions of the existing plan and imposed new limits on the rights of the parents. Id. at 23-24. Here, in contrast, the agreed parenting plan expressly and unambiguously provided for arbitration of a long distance parenting plan in the event that Postyeni did not move to Texas. In so doing, the arbitrator properly implemented the agreed parenting plan.

Martinek asserts that the arbitration provision expired at the end of summer 2018 because Postyeni failed to initiate arbitration of a long-distance parenting plan prior to the end of summer 2018, even though she moved to Texas. He asserts that the long distance parenting plan was unnecessary because Postyeni proved herself capable of following the existing parenting plan from July 2018 through November 2019. But the UCCJEA order, which Martinek did not appeal, expressly found that Postyeni never moved to Texas. Rather, she followed the existing parenting plan while maintaining a residence in Washington while she was deciding whether she was able to commit to moving to Texas. The parties entered several agreements to continue arbitration to a later date in order to allow Postyeni time to make this important decision. We agree with the trial court that these actions indicate the parties agreed not to enforce a strict deadline for implementing the arbitration provision.

Martinek also appears to argue that the arbitration provision in the existing parenting plan amounts to an unenforceable delegation of the court's modification authority to the arbitrator. But the agreed parenting plan did not purport to prevent the trial court from conducting an independent de novo review of the arbitration decision pursuant to RCW 26.09.184(4)(e). The trial court did so. The fact that Martinek dislikes the result does not render the arbitrator's decision improper.

II.    Attorney Fees

Postyeni requests an award of attorney fees and costs incurred on appeal under RAP 18.1(a), which authorizes such an award if provided by other applicable law. Postyeni cites CR 11 as legal authority supporting such an award. Under CR 11, a trial court may sanction a party or representative for filing a pleading, motion, or memorandum that is frivolous or interposed for an improper purpose. "An appeal is frivolous if, considering the whole record, this court is convinced there are no debatable issues on which reasonable minds may differ and it is totally devoid of merit." In re Recall of Boldt, 187 Wn.2d 542, 556, 386 P.3d 1104 (2017). Martinek's appeal was not frivolous. We decline to award fees to Postyeni on this basis.

Affirmed.

WE CONCUR:

Mann, C.J.