[No. 33507-3-I.    Division One.    May 23, 1994.]

STEPHEN SCHNEIDER, ET AL, *Appellants,* v. SHARI L. SETZER, *Respondent.*

*Gary M. Abolofia*, for appellants.

*Robert C. Kaufman* and *Day, Herman & Recor*, for respondent.

PER CURIAM. — Stephen and Karen Schneider filed a notice of appeal from the "findings, conclusions and award of [an arbitrator] appointed pursuant to Stipulation and Order Referring Case to mandatory arbitration". The appeal is dismissed.

## FACTS

On May 1, 1990, the Schneiders entered into a purchase and sale agreement to sell their condominium unit to Shari Setzer. The negotiated agreement had several conditions and contingencies. The sale ultimately failed.

The Schneiders filed suit against Setzer alleging breach of the purchase and sale agreement and demanding specific performance and damages. Setzer responded that she was entitled to rescind the transaction on the ground that she did not receive a copy of the condominium declaration bylaws and rules and regulations or the resale certificate as

required by RCW 64.34.425. Further, she argued that in refusing to refund her $1,000 earnest money deposit, the Schneiders had made an election and were not entitled to additional damages.

Because of the claim for specific performance, the case was not subject to mandatory arbitration under RCW 7.06.020. However, the Schneiders later withdrew their demand for specific performance and sought only monetary damages.

The parties then filed a "Stipulation and Order of Mandatory Arbitration with Waiver of Trial De Novo". The stipulation provided:

> The parties hereto, by and through their respective attorneys, hereby agree to have this case referred for hearing in accordance with King County Mandatory Arbitration Rules provided however, the parties, in accordance with MAR 8.1 agree that neither party shall be entitled to a trial de novo as otherwise allowed under the MAR and/or LMAR (King County), and shall be allowed an appeal to the Washington State Court of Appeals on the basis of errors of law only.

The superior court order referring the matter to mandatory arbitration stated that the cause was being referred for arbitration in accordance with the Mandatory Arbitration Rules provided that the parties "shall have no right to a trial de novo in accordance with the stipulation". The order further stated that the arbitrator "shall make and enter Findings of Fact and Conclusions of Law in support of the award" and, that "in accordance with the stipulation of the parties, a right of appeal will be limited to an appeal on the basis of errors of law only to the Washington State Court of Appeals".

On September 10, 1993, the arbitrator entered an award of $2,862.50 in favor of Setzer. Findings and conclusions in support of the award were also entered.

On October 8, 1993, a superior court commissioner entered judgment on the arbitration award stating that the findings of fact and conclusions of law of the arbitrator were incorporated by reference and "adopted in total as Findings and Conclusions of this court".

The Schneiders filed a Notice of Appeal from the findings, conclusions and award of the arbitrator entered on September 10, 1993. This court set a motion to determine appealability.

## DECISION

The Schneiders contend that the decision of the arbitrator is appealable as a matter of right under RAP 2.2(a) by virtue of the stipulation entered into by the parties. The Schneiders maintain:

> The parties' stipulation to arbitrate and to provide for the limited right of appeal is authorized under MAR 8.1(a) which requires such agreements be in writing and MAR 8.1(b) which allows parties not otherwise subject to mandatory arbitration to modify the otherwise application of the mandatory arbitration rules. Those rules were properly and effectively modified to require written findings of fact and conclusions of law from the arbitrator to waive a trial de novo and to limit any appeal to errors of law only.

Appellants' Memo in Supp. of Right To Appeal, at 8. The Schneiders' contention is erroneous.

MAR 8.1 provides:

> (a) **Generally.** No agreement or consent between parties or lawyers relating to the conduct of the arbitration proceedings, the purport of which is disputed, will be regarded by the arbitrator unless the agreement or consent is made at the arbitration hearing, or unless the agreement or consent is in writing and signed by the lawyers or parties denying the same.

> (b) **To Arbitrate Other Cases.** The parties may stipulate to enter into arbitration under these rules in a civil matter that would not otherwise be subject to arbitration under rule 1.2. A case transferred to arbitration by stipulation is subject to the arbitration rules in their entirety, except as otherwise agreed under section (a).

Because the Schneiders and Setzer stipulated to enter arbitration, the mandatory arbitration rules applied "except as otherwise agreed under section (a)." MAR 8.1(b). By its clear language, MAR 8.1(a) is limited to "the conduct of the arbitration proceedings". It does not purport to permit the parties to alter the procedural mechanisms for reviewing an arbitrator's award. Accordingly, while the Schneiders and Setzer could agree to have the arbitrator enter findings and conclusions, they could not circumvent the normal process of

review by stipulation. *Barnett v. Hicks*, 119 Wn.2d 151, 161, 829 P.2d 1087 (1992) (litigants can neither stipulate to jurisdiction nor create their own boundaries of review). The wisdom of this rule is evident from the posture in which this case is presented to the appellate court.

The Schneiders have appealed from the findings, conclusions and award entered by the arbitrator. The Schneiders maintain that the arbitrator's award is appealable under RAP 2.2(a) as a final judgment. However, RAP 2.2(a) clearly states that "a party may appeal from only the following *superior court decisions . . .*". (Italics ours.) There is no question that the decision of the arbitrator is not a superior court decision and, therefore, is not appealable under RAP 2.2(a).[1] The Schneiders observe that "[h]ad the exact decision been rendered by a trial court there can be no question but that it would be appealable as a matter of right." Appellants' Memo in Supp. of Right To Appeal, at 8. While this statement may be accurate, the simple answer is that the arbitrator's decision being appealed was not rendered by the superior court. Accordingly, to permit review under RAP 2.2(a), this court would have to ignore the clear language of the rule.[2]

The Schneiders contend, nonetheless, that the parties intended to preserve a right to appeal under RAP 2.2(a). However, the parties' intent is not determinative. In *Barnett v. Hicks, supra*, the parties submitted their dispute to arbitration by stipulation. After findings and conclusions were entered by the arbitrator, the parties sought full appellate

---

[1] King County Local Mandatory Arbitration Rule 8.1 which states that in a case transferred to arbitration by stipulation "the arbitrator may grant any relief which could have been granted if the case were determined by a Judge" does not transmute the arbitrator's decision into a decision by the superior court.

[2] The posture of the present case poses an additional problem. Although a judgment on the award was entered by the superior court, the Schneiders have only appealed the arbitrator's award. A reversal of the arbitrator's award would not affect the unchallenged superior court judgment and, therefore, the Schneiders would be effectively denied relief. *See State v. Fortun*, 94 Wn.2d 754, 626 P.2d 504 (1980) (State's failure to assign error to trial court's order dismissing criminal charges precluded State from challenging pretrial order of suppression because, even if the relief requested were granted, the order of dismissal would remain unchanged.).

review. The question presented to the Supreme Court was whether the proceeding below constituted a reference hearing under RCW 4.48, as contended by the parties, which would be accorded full appellate review, or whether the proceeding was a private arbitration which would receive limited review as provided in RCW 7.04.160-.170. *Barnett*, 119 Wn.2d at 153-54.

Despite the protestations of the parties, the Supreme Court concluded that the proceeding below was a private arbitration pursuant to RCW 7.04. The court reviewed the differences between a private arbitration and a trial before a referee. *Barnett*, 119 Wn.2d at 154-57. The court then considered how the proceeding was handled below. The court noted that the parties made numerous references to arbitration and the arbitrator. The stipulation and agreed order of reference to arbitration likewise made several references to arbitration and arbitrator. It further provided for confidentiality and sealing of the record which was inconsistent with trial before a referee but entirely consistent with an arbitration. *Barnett*, 119 Wn.2d at 158-63. Lastly, the court noted that the stipulation provided that any superior court order entered on a motion to confirm an order or award shall be subject to review by the appellate court. The court observed that reference to an "order or award" was consistent with an arbitration, but inconsistent with characterization of a referee's report. Similarly, if the parties were actually contemplating a reference hearing under RCW 4.48, the stipulation regarding appellate review was unnecessary because such review was already provided for under RCW 4.48.120(2). *Barnett*, 119 Wn.2d at 160.

The court concluded that the proceedings below "were intended to be and were in fact proceedings in arbitration pursuant to RCW 7.04." *Barnett*, 119 Wn.2d at 163. The court held that despite the assertions of the parties

> the nature and scope of review of the arbitrator's decision cannot be stipulated to by the parties. Therefore, the parties are confined to that review provided by statute.

*Barnett*, 119 Wn.2d at 163.

The Schneiders attempt to distinguish the case at bar from *Barnett* on the ground that *Barnett* involved a private arbitration under RCW 7.04 rather than mandatory arbitration under RCW 7.06. The Schneiders assert:

> While a statute and sound judicial policy prohibit review on the merits of decisions from *private* arbitrations under RCW 7.04, there exists no such restriction or policy to prohibit a review for errors of law in the cause here before the court.

Appellants' Memo in Supp. of Right To Appeal, at 13. This bald assertion is not persuasive.

In *Barnett*, the Supreme Court observed that the purpose of arbitration is to obtain prompt resolution of disputes and avoid the "expense and vexation of ordinary litigation." *Barnett*, 119 Wn.2d at 160. The court recognized, however, that it would be inherently unfair to permit those "who can afford the extra expense of arbitration to stipulate around the limitations on appellate review" and receive faster access to appellate review than is available to those who proceed with the regular court process. *Barnett*, 119 Wn.2d at 160.

The same can be said in the case at bar. The stipulation between the Schneiders and Setzer is an attempt to circumvent the normal court process in order to obtain prompter review in the appellate court. Such manipulation of the mandatory arbitration procedure is unfair to other litigants who proceed with the regular court process.

The *Barnett* court also noted that the parties' attempt "to stipulate to the nature and extent of review" was inconsistent with the statutory scheme. *Barnett*, 119 Wn.2d at 160. The same is also true in the case at bar.

RCW 7.06.050 provides that the decision of the arbitrator in a mandatory arbitration is subject to a trial de novo in superior court. Bypassing the superior court by waiving the right to trial de novo in order to gain immediate review in the Court of Appeals is inconsistent with this statute. While the findings and conclusions entered by the arbitrator in this case would make such review theoretically possible, the statutory scheme does not contemplate circumvention of the superior court in such a manner.

In sum, the parties' stipulation to waive trial de novo and seek immediate review in the Court of Appeals is not authorized by MAR 8.1 and is void. Furthermore, *Barnett v. Hicks, supra,* holds that the nature and scope of review of an arbitrator's decision cannot be stipulated to by the parties. Although *Barnett* did not involve a mandatory arbitration under RCW 7.06, the reasoning is equally applicable to the case at bar.

The appeal is dismissed.