[No. 47224-1-I.   Division One.   September 10, 2001.]

GREGORY A. DAHL, ET AL., *Respondents*, v. PARQUET AND COLONIAL HARDWOOD FLOOR COMPANY, INC., ET AL., *Appellants*.

*William A. Linton* (of *Linville Clausen Linton, P.L.L.C.*), for appellants.

*J. Robert Leach* (of *Anderson Hunter Law Firm*), for respondents.

KENNEDY, J. — Agreements for binding arbitration are governed by chapter 7.04 RCW. That chapter neither prescribes the means by which parties must select their arbitrator(s) nor the procedures by which their arbitration

hearing must be conducted. Here, the parties contractually agreed to arbitration with review to be limited to that provided in chapter 7.04 RCW, but they also agreed to select their arbitrator and conduct their arbitration proceedings in accordance with the Mandatory Arbitration Rules. Dissatisfied with the arbitrator's award, the appellants sought a trial de novo as provided by the Mandatory Arbitration Rules, contending that the limitation on judicial review contained in the contract amounted to an unlawful attempt to limit the jurisdiction of the superior court granted by chapter 7.06 RCW—the mandatory arbitration statute. As did the trial court, we conclude that the arbitration agreement in this case was governed by chapter 7.04 RCW, and that parties to such an agreement may select their arbitrator and conduct their arbitration hearing in accordance with the procedures of the Mandatory Arbitration Rules (MAR) without thereby automatically forfeiting the right to binding arbitration. Accordingly, the trial court properly denied the appellants' request for a trial de novo and properly confirmed the arbitration award. We affirm.[1]

## FACTS

On July 12, 1997, Greg and Elaine Dahl entered into a contract with Parquet and Colonial Hardwood Floor, Inc., (Parquet, Inc.) for the installation of a hardwood floor in the Dahl's home. The contract, which was drafted by Parquet, Inc., contained the following provision for resolution of disputes and remedies:

> Any dispute between the parties shall be decided according to the Mandatory Arbitration Rules of the County in which the suit is filed, regardless of the amount in dispute. The arbitrator's award shall not be limited by otherwise applicable MAR rules. The arbitrator shall have the authority to determine the amount, validity and enforceability of a lien. The arbitrator's decision may only be appealed pursuant to RCW 7.04.

Clerk's Papers at 99.

---

[1] The appellants raise additional issues, which we treat in the unpublished portion of this opinion.

Parquet, Inc., was administratively dissolved in 1997, after the execution of the contract with the Dahls. After the dissolution of the corporation, Steven Fugere operated the business as a sole proprietorship, and he and Barry Fugere proceeded to complete the corporation's contract with the Dahls.

The Dahls were dissatisfied with the work and refused to pay the contract price. On March 3, 1998, they filed a complaint against Parquet, Inc., and Steven Fugere alleging breach of contract and violations of the Consumer Protection Act. The Dahls later amended the complaint to include Laura Owen-Fugere, Barry Fugere and Parquet, Inc.'s surety. Parquet, Inc., and Steven Fugere counterclaimed for the $2,350 due under the contract, and all the appellants sought to recover their attorney fees as provided in the contract.

On August 11, 1999, the case was set for arbitration. Following a hearing, the arbitrator entered an award in favor of the Dahls, designating Parquet, Inc., as the sole debtor. Specifically, the arbitrator awarded the Dahls the principal sum of $2,000, $7,192 in attorney fees, and $110 in costs. The award does not mention Steve Fugere, Laura Owen-Fugere or Barry Fugere.

On June 21, 2000, Parquet, Inc., Steve Fugere and Barry Fugere filed a request for a trial de novo, a demand for a jury trial and a certificate of service. On July 24, 2000, the Dahls moved for confirmation and entry of judgment on the arbitration award.

Parquet, Inc., and the Fugeres resisted the motion, contending that the contract clause characterizing the arbitration as one under chapter 7.04 RCW was ineffective and that they were entitled to a trial de novo as a matter of law.

The parties' arguments were heard by the Snohomish County Superior Court on August 2, 2000. The court concluded that the parties had contracted under chapter 7.04 RCW, accordingly, the clause limiting judicial review to the

grounds listed in RCW 7.04.160 was valid and appellants could not obtain a trial de novo. The trial court entered judgment against Parquet, Inc., in the sums set forth in the arbitration award.

Parquet, Inc., Steven Fugere, Laura Owen-Fugere and Barry Fugere appeal the trial court's judgment, contending, inter alia, that the court erred in enforcing the contract provision limiting judicial review to the grounds found in chapter 7.04 RCW.

## DISCUSSION

Standard of Review

■ ■ Washington courts consistently express judicial approval of the policy underlying arbitration of disputes. *Godfrey v. Hartford Cas. Ins. Co.*, 142 Wn.2d 885, 891, 16 P.3d 617 (2001). Contractually agreed arbitration " 'is a substitute for, rather than a mere prelude to, litigation.' " *Godfrey*, 142 Wn.2d at 892 (quoting *Thorgaard Plumbing & Heating Co. v. King County*, 71 Wn.2d 126, 131-32, 426 P.2d 828 (1967)). When parties agree to arbitrate their disputes, they "affirmatively invoke the jurisdiction of Washington courts to facilitate and enforce the arbitration." *Id.* at 896. "They cannot submit a dispute to arbitration only to see if it goes well for their position before invoking the courts' jurisdiction." *Id.* at 897. Accordingly, courts accord substantial finality to arbitration decisions rendered in accordance with the parties' contract and chapter 7.04 RCW. *See Davidson v. Hensen*, 135 Wn.2d 112, 118, 954 P.2d 1327 (1998).

■ Judicial review of an arbitration award is exceedingly limited. *Davidson*, 135 Wn.2d at 118-19. The trial court's authority to vacate an arbitration award is governed by RCW 7.04.160.[2]

---

[2] RCW 7.04.160 provides:

In any of the following cases the court shall after notice and hearing make an order vacating the award, upon the application of any party to the arbitration:

### Binding Arbitration under Chapter 7.04 RCW

The dispositive issue in this case is whether the parties' contract was for binding arbitration under chapter 7.04 RCW or for stipulated mandatory arbitration under chapter 7.06 RCW. Put another way, we must decide whether the parties' agreement to follow some of the procedures found in the Mandatory Arbitration Rules automatically invalidated their agreement to binding arbitration.

MAR 8.1 expressly authorizes parties whose civil matters would not otherwise be subject to arbitration under MAR 1.2 to enter into arbitration under the Mandatory Arbitration Rules. When they do so, the case is subject to the arbitration rules in their entirety except as otherwise agreed by the parties under subsection (a) of the rule. Subsection (a) refers to the conduct of the arbitration proceeding rather than to judicial review or other forms of judicial relief. *See* MAR 8.1(a), (b).

The appellants seek to invalidate the portion of the contract limiting court review, contending that that provision improperly circumvents the trial court's jurisdiction, contrary to case law stating that parties to arbitration

(1) Where the award was procured by corruption, fraud or other undue means.

(2) Where there was evident partiality or corruption in the arbitrators or any of them.

(3) Where the arbitrators were guilty of misconduct, in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence, pertinent and material to the controversy; or of any other misbehavior, by which the rights of any party have been prejudiced.

(4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a final and definite award upon the subject matter submitted was not made.

(5) If there was no valid submission or arbitration agreement and the proceeding was instituted without either serving a notice of intention to arbitrate, as provided in RCW 7.04.060, or without serving a motion to compel arbitration, as provided in RCW 7.04.040(1).

An award shall not be vacated upon any of the grounds set forth under subdivisions (1) to (4), inclusive, unless the court is satisfied that substantial rights of the parties were prejudiced thereby.

Where an award is vacated, the court may, in its discretion, direct a rehearing either before the same arbitrators or before new arbitrators to be chosen in the manner provided in the agreement for the selection of the original arbitrators and any provision limiting the time in which the arbitrators may make a decision shall be deemed applicable to the new arbitration and to commence from the date of the court's order.

agreements may not expand or limit the legislatively-determined jurisdiction of the courts. In support of this argument, they cite *Barnett v. Hicks*, 119 Wn.2d 151, 161, 829 P.2d 1087 (1992) and *Schneider v. Setzer*, 74 Wn. App. 373, 872 P.2d 1158 (1994).

In *Barnett*, the parties entered into an agreement for private arbitration but subsequently attempted to obtain full judicial review by characterizing their proceeding as a hearing before a referee. The Supreme Court first rejected the parties' post hoc characterization of their proceeding and held that it was an arbitration. The court then noted that judicial review of arbitration decisions is precisely limited as provided in RCW 7.04.160-.170. *Barnett*, 119 Wn.2d at 160-61. By purporting to stipulate to a broader scope of judicial review, the parties improperly attempted to expand the jurisdiction of the court and the boundaries of review beyond that conferred upon the courts by the Legislature. *Id.* at 161.

Similarly, in *Schneider*, the parties entered into an agreement to submit their dispute to mandatory arbitration, expressly waiving the right to a trial de novo, however, and purporting under the auspices of MAR 8.1 to allow an appeal of the arbitrator's award directly to the Washington State Court of Appeals on the basis of errors of law. *Schneider*, 74 Wn. App. at 375. The parties thereby attempted by private agreement to circumvent the normal court process following mandatory arbitration. Because MAR 8.1(b) allows the parties to stipulate only under subsection (a) and because subsection (a) refers only to those stipulations relating to the conduct of the arbitration rather than to judicial review, the court rejected the notion that MAR 8.1(b) allows parties to stipulate to circumvent the normal process of review under chapter 7.06 RCW. *Id.* at 376-77. Citing *Barnett*, the *Schneider* court concluded that just as parties cannot stipulate to expand the limitations on appellate review under chapter 7.04 RCW, neither can they stipulate to circumvent a trial de novo under

chapter 7.06 RCW. *Id.* at 380.[3]

██ ██ Unlike the agreement in *Barnett*, the contract at issue here does not purport to expand judicial review of a binding arbitration governed by chapter 7.04 RCW; instead, it incorporates by reference the precise scope of appellate review authorized by chapter 7.04 RCW. Unlike the agreement in *Schneider*, the contract at issue here does not purport, under the auspices of MAR 8.1(b), to bypass the superior court in favor of immediate review of an arbitrator's award by the intermediate appellate court. Instead, it provides for binding arbitration by an arbitrator to be selected in accordance with the MAR, in an arbitration to be conducted under the procedures found in the MAR. And so we must decide whether parties who want to agree to binding arbitration under chapter 7.04 RCW can also agree to select their arbitrator and conduct their arbitration in accord with the procedures set down in the MAR—or whether by utilizing those procedures in any part they must forgo binding arbitration altogether in favor of judicial "review" by way of a trial de novo. Although we have no particular quarrel with the *Schneider* court's construction of MAR 8.1(a) and (b), we see no basis in law or policy for requiring parties who wish to contractually agree to binding arbitration to utilize some other means for selecting their arbitrator and conducting their arbitration than the means set down in the MAR.

Indeed, chapter 7.04 RCW imposes no restrictions on the parties' ability to contract with respect to the means of selecting their arbitrator(s), or the number of arbitrators, or the procedures by which the arbitration shall be conducted. Instead, RCW 7.04.050 provides for court appointment of arbitrators only if the arbitration agreement does not prescribe some other method for the appointment of arbitrators and even then, only where the parties have not

---

[3] *But see In re Smith-Bartlett*, 95 Wn. App. 633, 637-39, 976 P.2d 173 (1999) (superior court's authority to order mandatory arbitration is statutory and it cannot mix and match statutes by mandating binding arbitration, but parties whose disputes are not subject to MAR may stipulate to adopt MAR piecemeal (citing MAR 8.1 (a) and (b)).

themselves arranged for such appointment by the time within which the arbitrator(s) should have been appointed in accordance with the terms of the agreement. This same statute requires the court to appoint three arbitrators only where the arbitration agreement is silent as to the number of arbitrators. We thus conclude that just as parties to binding arbitration may agree to utilize the procedures of the American Arbitration Association or some similar organization with respect to the selection of their arbitrators and the conduct of the proceedings, so also may they agree to utilize the procedures of the MAR—and that by choosing to so utilize the MAR procedures, they do not automatically remove themselves from binding arbitration under chapter 7.04 RCW. This conclusion comports with the public policy that favors binding arbitration, which is to provide a substitute, not a prelude, to litigation and to provide a means whereby parties can achieve finality in the resolution of their disputes and avoid court congestion as well as the delays, expense and vexation of ordinary litigation. *Barnett*, 119 Wn.2d at 159-60 (citing *Thorgaard*, 71 Wn.2d at 131-32; John C. Braman, Comment, *The 1943 Washington Arbitration Act*, 22 WASH. L. REV. 117, 118 (1947)). These objectives would be frustrated if a party who agrees to binding arbitration can obtain a trial de novo instead, merely because the parties also agreed to utilize some of the procedures of the MAR rather than those of the American Arbitration Association or some similar body. Once parties contractually agree to binding arbitration, neither of them can say that the arbitration is not binding after all. Once the parties agree to binding arbitration, they invoke chapter 7.04 RCW in its entirety and not just the parts that are useful to them. *Godfrey*, 142 Wn.2d at 897 (holding that arbitration agreements that violate the Arbitration Act provisions on review and finality are unenforceable to that extent; thus, the parties could not validly agree to both binding arbitration as to some issues and to arbitration followed by a trial de novo as to other issues).

■ Finally, although it is certainly possible for parties

who would not otherwise be subject to mandatory arbitration to stipulate to mandatory arbitration under MAR 8.1, strong public policy favoring finality of arbitration dictates that any ambiguity with respect to which statute the parties have invoked—chapter 7.04 or chapter 7.06 RCW—be resolved in favor of binding arbitration under chapter 7.04 RCW. This is especially so where the party seeking to invalidate an agreement for binding arbitration was the drafter of the agreement.

In sum, we agree with the trial court that the contract in this case was for binding arbitration under chapter 7.04 RCW; thus the appellants were not entitled to trial de novo by jury or otherwise under chapter 7.06 RCW.

Affirmed.

The remainder of this opinion lacks precedential value and will not be published in the Washington Appellate Reports but will be filed of public record as provided by RCW 2.06.040.

COLEMAN and APPELWICK, JJ., concur.

Review denied at 146 Wn.2d 1004 (2002).