# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

DONALD W. GREELEY and BESSIE L.
GREELEY, husband and wife,

                Respondents,

      v.

FRANK A. MINNICK and JANE
DOE MINNICK, husband and wife,

                Appellants.

No. 75036-4-I

UNPUBLISHED OPINION

FILED: June 20, 2016

VERELLEN, C.J. — A stipulation to arbitrate a dispute under Superior Court Mandatory Arbitration Rules (MAR) that modifies the nature and scope of judicial review under those rules is void. The parties here stipulated to arbitrate their dispute pursuant to state and local superior court rules for mandatory arbitration, but provided for appellate review only as to errors of law "in the same procedure as appeals from Courts of Limited Jurisdiction."[1] The sole appeal of an adverse ruling from mandatory arbitration under the MAR is a trial de novo in superior court. But the parties' stipulation precluded the aggrieved party from seeking a trial de novo. Therefore, we conclude the parties' stipulation is void, and we dismiss this appeal.

---

[1] Clerk's Papers (CP) at 15.

## FACTS

In May 2012, the Greeleys sued Frank Minnick in Pierce County Superior Court to quiet title to a disputed parcel of land. In October 2013, the parties agreed to submit the action to arbitration "pursuant to The State and Local Superior Court Rules for Mandatory Arbitration."[2] The stipulation also provided that the "decision of the arbitrator shall be final and binding as to any facts determined, but shall be appealable to the Superior Court only as to errors as a matter of law (record review in the same procedure as appeals from Courts of Limited Jurisdiction)."[3] And "should either party appeal on issues as a matter of law, the matter may be scheduled to be heard by motion, as would a proceeding from a ruling from a court of limited jurisdiction."[4] The superior court approved the stipulation.

The arbitrator heard testimony from both parties and reviewed exhibits. By letter ruling, the arbitrator concluded the Greeleys "prevailed on the claim of ownership by Adverse Possession" and the "60' easement remains in place."[5] Minnick appealed from the arbitration award to superior court. The superior court applied the standards for a RALJ appeal. The court entered an order and a judgment upholding the arbitration award, adopting the arbitrator's findings and conclusions.

Minnick appeals from the superior court's order and judgment.

---

[2] CP at 15.

[3] CP at 15-16.

[4] CP at 16.

[5] CP at 25, ¶ 19.

## ANALYSIS

The dispositive issue here is whether the parties' stipulation is void. We conclude it is.

Disputes "involving claims of $50,000 or less" are subject to mandatory arbitration under the MAR.[6] The parties' quiet title dispute was not initially subject to arbitration under chapter 7.06 RCW.[7] But "parties can subject themselves to the MAR by stipulation."[8] Such stipulated arbitrations are governed by chapter 7.06 RCW.[9]

The parties stipulated to arbitrate all claims pursuant to "The State and Local Superior Court Rules for Mandatory Arbitration."[10] The stipulation stated:

> The decision of the arbitrator shall be final and binding as to any facts determined, but shall be appealable to the Superior Court only as to errors as a matter of law (record review in the same procedure as appeals from Courts of Limited Jurisdiction).
>
> . . . SHOULD EITHER PARTY APPEAL ON ISSUES AS A MATTER OF LAW, THE MATTER MAY BE SCHEDULED TO BE HEARD BY MOTION, AS WOULD A PROCEEDING FROM A RULING FROM A COURT OF LIMITED JURISDICTION.[11]

Because the parties stipulated to enter arbitration governed by the MAR, those rules applied "in their entirety, except as otherwise agreed under [MAR 8.1(a)]."[12]

---

[6] PIERCE COUNTY LOCAL MANDATORY ARBITRATION RULE (PCLMAR) 1.1(a); see also PCLMAR 1.2.

[7] See RCW 7.06.020(1) (limiting those civil actions "where the sole relief sought is a money judgment" to mandatory arbitration); see also MAR 1.1, 1.2.

[8] In re Smith-Bartlett, 95 Wn. App. 633, 637, 976 P.2d 173 (1999).

[9] MAR 1.2(3); MAR 8.1(b).

[10] CP at 15.

[11] CP at 15-16.

[12] MAR 8.1(b).

MAR 8.1(a) governs *"the conduct* of the arbitration proceedings"[13] and "does not purport to permit the parties to alter the procedural mechanisms for reviewing an arbitrator's award."[14] Parties cannot "circumvent the normal process of review by stipulation" by limiting the scope of review of an arbitration award.[15] The "sole way to appeal an erroneous ruling from mandatory arbitration is the trial de novo."[16]

Minnick acknowledges that the parties' stipulation created a "'hybrid' arbitration and appeal process."[17] Schneider v. Setzer forecloses the parties' stipulation to arbitrate under the MAR but without an appeal by trial de novo in superior court.[18] In Schneider, the parties stipulated to submit their dispute to mandatory arbitration under the MAR. The stipulation expressly waived the right to a trial de novo and allowed an appeal of the arbitrator's award directly to the Washington State Court of Appeals only as to errors of law.[19] By agreement, the parties attempted to circumvent the normal court process following mandatory

---

[13] (Emphasis added.)

[14] Schneider v. Setzer, 74 Wn. App. 373, 376, 872 P.2d 1158 (1994); see also Dahl v. Parquet & Colonial Hardwood Floor Co., Inc., 108 Wn. App. 403, 408, 30 P.3d 537 (2001) ("Subsection (a) refers to the conduct of the arbitration proceeding rather than to judicial review or other forms of judicial relief.").

[15] Schneider, 74 Wn. App. at 376-77; see also Barnett v. Hicks, 119 Wn.2d 151, 161, 829 P.2d 1087 (1992) (litigants can neither stipulate to jurisdiction nor create their own boundaries of review).

[16] Malted Mousse, Inc. v. Steinmetz, 150 Wn.2d 518, 529, 79 P.3d 1154 (2003).

[17] Appellant's Reply Br. at 2; see also id. at 7 (acknowledging the "procedural problems that the stipulation has admittedly triggered").

[18] 74 Wn. App. 373, 872 P.2d 1158 (1994).

[19] Schneider, 74 Wn. App. at 375.

arbitration. The <u>Schneider</u> court concluded parties cannot stipulate to circumvent a trial de novo under chapter 7.06 RCW.[20]

As in <u>Schneider</u>, by waiving the right to a trial de novo and allowing the aggrieved party to appeal "to the Superior Court only as to errors as a matter of law,"[21] the parties' stipulation altered the nature and scope of judicial review of an MAR arbitration award. When parties stipulate to arbitrate under the MAR but waive a trial de novo, such a stipulation is void.[22][23]

Alternatively, even if we reviewed for errors of law, Minnick does not establish any. The arbitrator interpreted RCW 7.28.070 as not requiring, for adverse possession purposes, the common law elements of hostility and exclusivity. And the arbitrator found that, even if the statute did require hostility and exclusivity, the Greeleys' "use would still ripen into adverse possession, given that the property is subject to an easement which would impact the expected use of an owner."[24]

---

[20] <u>Id.</u> at 380.

[21] CP at 16.

[22] <u>Schneider</u>, 74 Wn. App. at 380 (holding that "the parties' stipulation to waive trial de novo and seek immediate review in the court of appeals is not authorized by MAR 8.1 and is void"); <u>see also</u> <u>Steinmetz</u>, 150 Wn.2d at 522 (mandatory arbitration under chapter 7.06 RCW grants parties the right to a trial de novo); <u>In re Smith-Bartlett</u>, 95 Wn. App. at 638 (parties' stipulation to the MAR "require[s] review by trial de novo on demand by an aggrieved party").

[23] Minnick claims that, even if the stipulation to arbitrate is void, we should remand for a trial de novo. But we follow <u>Schneider</u> and therefore must dismiss this appeal.

[24] CP at 25, ¶ 19. To the extent this issue presents a mixed question of law and fact, Minnick has failed to provide an adequate record to review this issue. <u>Fahndrich v. Williams</u>, 147 Wn. App. 302, 307, 194 P.3d 1005 (2008) (appellant's burden to provide an adequate record on appeal).

5

## CONCLUSION

We conclude the parties' stipulation to arbitrate is void under <u>Schneider</u>.

Therefore, we dismiss the appeal.

WE CONCUR: