# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

NORDIC SERVICES, INC.,

    Respondent,

v.

ENDRE D. GLENN and JANE DOE
GLENN, a married couple, and
MARGARET A. GLENN and JOHN
DOE GLENN, a married couple,

    Appellant.

No. 76501-9-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: April 23, 2018

TRICKEY, J. — In a lien foreclosure dispute, Nordic Services, Inc. successfully moved to compel arbitration over Endre Glenn's objection. After prevailing at arbitration, Nordic moved the trial court to confirm the arbitration award and enter judgment. Glenn requested a trial de novo.

The trial court entered a judgment and order confirming the arbitration award, and struck Glenn's request for a trial de novo. Glenn appeals that order, arguing that the trial court erred by compelling arbitration, denying a continuance of the arbitration schedule, and denying his request for a trial de novo. We affirm.

## FACTS

Nordic Services, Inc. sued Endre Glenn for $5,995.60, the unpaid balance for Nordic's construction services repairing water damage at Glenn's home. Nordic sought to foreclose on a construction lien, obtain a personal judgment against Glenn, and compel arbitration of its claims pursuant to their agreement for

services. Glenn answered and counterclaimed for breach of contract and negligence. In his response to Nordic's motion to compel arbitration, Glenn objected to Nordic's proposed arbitrators.

The trial court heard and granted Nordic's motion to compel arbitration on March 4, 2016. Glenn then filed several motions, including a motion to amend the order compelling arbitration,[1] motion to dismiss complaint and vacate order compelling arbitration, and an objection to the order compelling arbitration. The trial court denied or struck Glenn's motions and objection.

Disputes continued throughout the arbitration proceedings. On October 19, 2016, Glenn filed a motion for emergency relief requesting that the trial court extend the arbitration schedule to permit him to complete discovery, and remove the arbitrator for bias. The trial court denied the motion.

Glenn did not appear at the October 28, 2016 arbitration hearing. The arbitrator awarded Nordic $49,109.75. On December 12, 2016, Glenn requested a trial de novo of the arbitration award under Mandatory Arbitration Rule (MAR) 7.1. Nordic objected to the request, arguing that a trial de novo was not available for a private arbitration such as theirs. Nordic asked the trial court to confirm the arbitration award, enter judgment, and strike Glenn's request for a trial de novo.

The trial court entered a judgment and confirmed the arbitration award. It also struck Glenn's request for a trial de novo. The court denied Glenn's additional requests for relief in an order denying reconsideration of court ordered sanctions;

---

[1] This motion was apparently considered as a motion for reconsideration by the court, and denied as such.

2

an order denying motion to vacate arbitration award, sanctions, and judgment; and an order denying reconsideration of the motion to vacate.

Glenn filed a notice of appeal of only one trial court order: the judgment and order confirming arbitration award.

## ANALYSIS

Glenn makes three assignments of error on appeal. First, he argues that the trial court erred in compelling arbitration before the selected arbitrator. Second, he maintains that the trial court erred by denying his request for a continuance of the arbitration hearing. Third, he claims that the trial court erred by denying him a trial de novo. These arguments arise out of the order compelling arbitration, the denial of the motion for emergency relief to extend the arbitration schedule, and the judgment and order confirming arbitration award, respectively. Nordic argues that we should not review Glenn's first two arguments because they relate to orders not designated in the notice of appeal.

In general, "[t]he appellate court will, at the instance of the appellant, review the decision or parts of the decision designated in the notice of appeal." RAP 2.4(a). However, "[t]he appellate court will review a trial court order or ruling not designated in the notice, including an appealable order, if (1) the order or ruling prejudicially affects the decision designated in the notice, and (2) the order is entered, or the ruling is made, before the appellate court accepts review." RAP 2.4(b). To determine whether an order has prejudicial effect on the appealed order, we inquire whether the order designated in the notice of appeal would have occurred absent the other order. Adkins v. Aluminum Co. of Am., 110 Wn.2d 128,

3

134, 750 P.2d 1257, 756 P.2d 142 (1988); Right-Price Recreation, LLC v. Connells Prairie Cmty. Council, 146 Wn.2d 370, 380, 46 P.3d 789 (2002).

Glenn maintains that we review each of his assignments of error. He argues that the orders not designated in his notice of appeal did prejudicially affect the appealed judgment and order confirming the arbitration award. We agree with Glenn that the order compelling arbitration prejudicially affects the judgment and order confirming the arbitration award. If arbitration had not been compelled, there would be no arbitration award to confirm. We therefore review Glenn's first argument related to the order compelling arbitration.

Glenn argues that his emergency motion to extend the arbitration schedule did prejudicially affect the judgment and order confirming the arbitration award. Glenn based his motion on his inability to complete discovery, but he ultimately did not appear at the arbitration hearing. He does not argue, and the record does not support, that the arbitration award would not have occurred but for his receipt of additional discovery. We decline to review Glenn's second argument related to the denial of the emergency motion to extend the arbitration schedule, because he does not demonstrate that the denial of the motion to extend the arbitration schedule prejudicially affected the order confirming the arbitration award.

We turn now to Glenn's contention that the trial court erred in compelling arbitration before the selected arbitrator. Nordic argues that Glenn waived this argument because he did not timely object to the selection of arbitrators at the trial court. But the record supports that Glenn did timely object to the proposed arbitrators. In Glenn's October 22, 2015 response to Nordic's motion to compel

4

arbitration, he argued that "[h]e did not have the option to select the arbitration agency, JAMS, WAMS, JDR or review a list of potential arbitrators. He disagrees with opposing counsel['s] selection of arbitrators."[2] Glenn filed this response before the hearing to compel arbitration, and reiterated his objection to the selection of a JDR arbitrator in his motion to amend the order compelling arbitration. Glenn did not waive this assignment of error.

Glenn's argument, however, fails on the merits. The arbitration provision of the agreement between Glenn and Nordic states, in pertinent part:

> If any dispute or disagreement arises out of, or with respect to work performed under this Agreement, the same shall be arbitrated in accordance with the following terms and procedures:
>
> (a) Arbitration shall be by a single arbitrator to be selected upon agreement of the parties under the auspices of Judicial Arbitration and Mediations Service (JAMS), Judicial Dispute Resolution (JDR) or Washington Arbitration and Mediation Service (WAMS). If the parties cannot agree upon an arbitrator, either party may apply to King County Superior Court for the appointment of a qualified arbitrator from the above services or, if those services no longer exist, from the [American Arbitration Association] roster.[3]

After filing its motion to compel arbitration, Nordic attempted to reach an agreement with Glenn on the selection of arbitrators by sending a letter to Glenn noting his objection to the three proposed arbitrators and requesting an alternative. Apparently unable to agree, Nordic continued with its request that the court appoint an arbitrator. This process complies with the terms of the arbitration provision.[4]

---

[2] Clerk's Papers (CP) at 67 (Judicial Arbitration and Mediations Service (JAMS); Washington Arbitration and Mediation Service (WAMS); and Judicial Dispute Resolution (JDR)).

[3] CP at 51.

[4] Glenn also argues that this arbitrator selection provision is substantively unconscionable. "Substantive unconscionability involves those cases where a clause or term in the

5

The trial court did not err in entering the order to compel arbitration before the selected arbitrator.

Next, Glenn argues that the trial court erred in denying his request for a trial de novo. He contends that he was entitled to a trial de novo under the mandatory arbitration rules. Nordic argues that Glenn waived his right to challenge the judgment and order confirming arbitration award by not presenting his arguments to the trial court. On the merits, Nordic argues that theirs was a private arbitration, so a trial de novo does not apply.

We disagree that Glenn waived his argument. Glenn requested a trial de novo pursuant to MAR 7.1 and LMAR 7.1. The trial court denied a trial de novo in its order confirming the arbitration award. Glenn appeals that order, arguing that the trial court erred in striking his request for a trial de novo. He preserved the error.

Nevertheless, Glenn's argument fails on the merits. The arbitration agreement with Nordic calls for appeals of an arbitration award under chapter 7.04A RCW, which applies to voluntary arbitration.[5] This chapter does not apply to mandatory arbitrations. RCW 7.04A.030(3) (citing chapter 7.06 RCW). The

---

contract is alleged to be one-sided or overly harsh.'" Zuver v. Airtouch Commc'ns, Inc., 153 Wn.2d 293, 303, 103 P.3d 753 (2004) (quoting Schroeder v. Fageol Motors, Inc., 86 Wn.2d 256, 260, 544 P.2d 20 (1975)). We disagree that this provision is substantively unconscionable. It allows for either party to request that the superior court appoint a particular arbitrator if agreement between the parties fail. Thus, it is neither one-sided nor overly harsh.

[5] The arbitration agreement actually refers to former chapter 7.04 RCW, which was repealed in 2005 and effective January 1, 2006. See former RCW 7.04.010 through .220 (2005), repealed by LAWS OF 2005, ch. 433, §§ 1-32. The trial court interpreted this contract provision to refer to chapter 7.04A RCW, a finding that is not challenged on appeal.

mandatory arbitration rules under which Glenn requests a trial de novo apply only to chapter 7.06 RCW. MAR 1.1. Thus, the rules by which Glenn made his trial de novo request do not apply to the parties' arbitration.

Glenn argues that the parties stipulated to mandatory arbitration rules by agreement. Parties may stipulate to enter into arbitration under mandatory arbitration rules in civil matters that are not otherwise subject to mandatory arbitration. MAR 8.1. Any ambiguity with respect to whether the parties invoked mandatory arbitration is resolved in favor of voluntary binding arbitration. Dahl v. Parquet & Colonial Hardwood Floor Co., 108 Wn. App. 403, 412, 30 P.3d 537 (2001). Glenn and Nordic did not invoke mandatory arbitration and the accompanying rules in their agreement for services. They agreed to conduct their arbitration under the mandatory arbitration rules "to the maximum extent possible."[6] This is not sufficient to stipulate to arbitration under mandatory arbitration rules. The trial court did not err by striking the request for a trial de novo under MAR 7.1.

## Attorney Fees

Nordic requests an award of attorney fees on appeal. Under RCW 60.04.181(3), the prevailing party in a lien foreclosure action may be awarded reasonable attorney fees and costs on appeal. We award Nordic reasonable attorney fees and costs on appeal, subject to compliance with RAP 18.1.

---

[6] CP at 51.

Affirmed.

WE CONCUR:

_Trickey, J_