IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| BILL PATTERSON and K. DRU WALLACE PATTERSON, husband and wife and the marital community composed thereof, | No. 88269-4-I |
| Appellants, | |
| v. | |
| TOYONDA IMPORT MOTORS, LLC, a Washington limited liability company d/b/a EASTLAKE AUTO BROKERS; GELLAREH AAMODT and DYLAN AAMODT, wife and husband and the marital community composed thereof; and TRAVELERS CASUALTY & SURETY COMPANY, a foreign corporation, | UNPUBLISHED OPINION |
| Respondents. | |

BOWMAN, A.C.J. — Bill and K. Dru Wallace Patterson bought a used truck from Eastlake Auto Brokers. The Pattersons sued Eastlake, alleging the truck had been tampered with before the sale. The parties agreed to arbitrate the dispute under a binding arbitration provision in the "Bill of Sale." After arbitration, the Pattersons moved for a trial de novo. The trial court struck the request because the arbitration provision included an agreement to waive the right to a trial de novo. The Pattersons appeal. Finding no error, we affirm.

FACTS

In 2023, Eastlake sold the Pattersons a 2016 GMC Canyon diesel truck.

As a part of the transaction, Eastlake and the Pattersons executed a Bill of Sale. The document contained an arbitration provision, stating:

> For valuable consideration in providing for an efficient dispute resolution process, the Purchaser and Dealer (and its successors, employees, agents, officers, directors, and owners) shall be resolved by binding arbitration in accordance with the laws of the State of Washington.  Either party may demand arbitration of any claim.  In the event the Purchaser and Dealer cannot agree to a sole arbitrator within fifteen (15) days from a demand, either party may ask the superior court to appoint an arbitrator to decide any and all claims in accordance with the court's local rules pertaining to mandatory arbitration, provided further that each party waives its right to a trial de novo and/or trial by jury and agrees that the decision of the arbitrator is the final decision as to all disputes and claims.  All costs of arbitration shall be shared evenly between the parties.  However, the arbitrator shall award the prevailing party its reasonable costs and attorneys' fees.  The arbitrator shall conduct the hearing according to the Mandatory Arbitration Rules of the State of Washington, as well as any Local Rules for Mandatory Arbitration (except for the right to file a request for a trial de novo).

On May 8, 2024, the Pattersons sued Toyonda Import Motors LLC doing business as Eastlake, Gellareh and Dylan Aamodt, and Travelers Casualty and Surety Company (collectively Eastlake) for breach of contract; violations of the auto dealers act, chapter 46.70 RCW; violations of the Consumer Protection Act, chapter 19.86 RCW; violations of the Uniform Commercial Code, Title 62A RCW; breach of implied and express warranties; and negligence.  The Pattersons alleged that the truck was tampered with and that the emissions system was illegally modified before Eastlake sold it to them.  The Pattersons acknowledged that their claims were subject to arbitration under the Bill of Sale, but the parties could not agree to an arbitrator.

On July 25, Eastlake moved the trial court to compel binding arbitration and asked it to appoint an arbitrator.  The Pattersons responded that the court

2

should either order binding arbitration and appoint JAMS[1] or order nonbinding arbitration under the civil arbitration act, chapter 7.06 RCW, with a right to a trial de novo.

The trial court ruled that the arbitration agreement was enforceable under the uniform arbitration act (UAA), chapter 7.04A RCW. It found that the parties agreed to proceed under the local mandatory arbitration rules but that the "arbitrator's decision would be final," waiving any right to a trial de novo. So, the court granted Eastlake's motion to compel binding arbitration and ordered that Eastlake may file a "Statement of Arbitrability" under SCCAR 2.1 and King County Superior Court Local Civil Arbitration Rule 2.1 "in order to start the process to select an arbitrator."

The parties arbitrated the case in January 2025. The arbitrator found for the Pattersons on their negligence claim but ruled for Eastlake on all other claims. The arbitrator awarded the Pattersons $8,844.98 in damages but determined that Eastlake was the substantially prevailing party. So, it awarded Eastlake attorney fees "in accordance with the Contract," totaling $27,509.54.

On March 10, the Pattersons moved for a trial de novo. Eastlake then moved to strike the Pattersons' request, arguing that the parties agreed to waive a trial de novo. The trial court granted Eastlake's motion. Then, on April 1, Eastlake moved for the superior court to confirm the arbitration award and enter judgment. On April 14, the trial court granted the motion.

---

[1] Formerly known as Judicial Arbitration and Mediation Services Inc.

The Pattersons appeal.[2]

ANALYSIS

The Pattersons argue that the trial court erred by striking their request for a trial de novo. Eastlake disagrees and requests attorney fees on appeal.[3]

1. Trial De Novo

The Pattersons argue that the court erred by striking their request for a trial de novo because the law precludes waiver of that right under the mandatory arbitration rules. We disagree.

Washington public policy favors binding arbitration. *Godfrey v. Hartford Cas. Ins. Co.*, 142 Wn.2d 885, 892, 16 P.3d 617 (2001). Washington courts seek to confer substantial finality on decisions of arbitrators when rendered in accordance with the parties' contract and the arbitration statutes. *Rimov v. Schultz*, 162 Wn. App. 274, 279, 253 P.3d 462 (2011). Consistent with this policy, judicial review of an arbitration award is exceedingly limited. *Dahl v. Parquet & Colonial Hardwood Floor Co.,* 108 Wn. App. 403, 407, 30 P.3d 537 (2001).

Parties may arbitrate by agreement or by mandate. Arbitration by agreement is governed by the UAA. Those statutes allow judicial review of an arbitration award in only limited circumstances and do not include a right to a trial de novo. *See, i.e.*, RCW 7.04A.230 (vacating an arbitration award), .240

---

[2] The Pattersons moved to supplement the record with a civil arbitration notice under RAP 9.11(a). Eastlake did not object, and a commissioner of this court referred the motion to the panel. We grant the Pattersons' motion.

[3] The Pattersons also request attorney fees but do not devote a section of their opening brief to the request as required under RAP 18.1(b). So, we deny their request.

(modifying an award). In contrast, mandatory arbitration applies to qualified civil cases and provides for a trial de novo in superior court. RCW 7.06.010, .020, .050. Mandatory arbitration is governed by chapter 7.06 RCW and is subject to the SCCARs.

Still, parties who agree to nonmandatory arbitration under the UAA may stipulate to using the processes established in the SCCARs. *See* SCCAR 8.1. A case transferred to arbitration by stipulation is subject to the SCCARs in their entirety "except as otherwise agreed [to]" under SCCAR 8.1(a). SCCAR 8.1(b). That section says the arbitrator will disregard any agreement by the parties relating to the conduct of the arbitration proceedings unless the agreement is "made at the arbitration hearing" or is "in writing and signed by the . . . parties." SCCAR 8.1(a).

Here, the Pattersons agreed in writing that their nonmandatory arbitration would be conducted according to the SCCARs and applicable local arbitration rules except that "each party waives its right to a trial de novo" and agrees that the decision of the arbitrator is the "final decision." But, citing *Schneider v. Setzer,* 74 Wn. App. 373, 872 P.2d 1158 (1994), and *Optimer International Inc. v. RP Bellevue, LLC*, 170 Wn.2d 768, 246 P.3d 785 (2011), the Pattersons now argue that their written agreement to forgo a trial de novo is invalid and unenforceable.

In *Schneider*, the parties stipulated to arbitrate under the mandatory arbitration rules and agreed that " 'neither party shall be entitled to a trial de novo' " but " 'shall be allowed an appeal to the Washington State Court of

Appeals on the basis of errors of law only.' " 74 Wn. App. at 375. We concluded that the parties' stipulation to waive a trial de novo and seek immediate review in this court was invalid because it sought to "circumvent the normal court process in order to obtain prompter review in the appellate court."[4] *Id.* at 379. And we explained that the parties cannot stipulate around the limitations on appellate review to receive faster access to the appellate court than is available to those who proceed with the regular court process. *Id.* But here, unlike the agreement in *Schneider*, the parties do not purport to create special access to appellate review. Instead, they agreed to only forgo a trial de novo. So, this case is not like *Schneider*.

Neither is this case like *Optimer*. In that case, our Supreme Court explained that the parties could not waive or alter by agreement the limited statutory right to judicial review in the superior court available under former chapter 7.04 RCW (1943) to confirm, vacate, modify, or correct arbitration awards. *Optimer*, 170 Wn.2d at 770, 772. While the agreed nonmandatory arbitration here is also governed by the UAA, those statutes do not provide for a trial de novo. So, the parties do not purport to waive or alter a statutory right to judicial review. Instead, they stipulated in writing to forgo a mandatory arbitration rule. *See* SCCAR 7 (governing requests and procedures for a trial de novo). As a result, *Optimer* is inapt.

This case is more like *Dahl*. In that case, the parties contractually agreed to arbitrate under the mandatory arbitration rules but to limit review to that

---

[4] *Schneider* cites former MAR 8.1, which mirrors the language of SCCAR 8.1. *See* 74 Wn. App. at 376.

provided in only the UAA. *Dahl*, 108 Wn. App. at 406-07. After arbitration, the Dahls sought a trial de novo. *Id.* at 406. We concluded that the Dahls waived their right to a trial de novo. *Id.* at 412. We reasoned that permitting parties to stipulate to the procedures of mandatory arbitration without forfeiting binding arbitration served public policy that favors binding arbitration and finality of disputes. *Id.* at 411.

As in *Dahl*, the agreement here shows that the parties intended to use the mandatory arbitration rules without forfeiting binding arbitration. The trial court did not err by striking the Pattersons' request for a trial de novo.

2. Attorney Fees

Eastlake requests attorney fees on appeal under RCW 7.06.060 and SCCAR 7.3, RCW 7.04A.210 and .250(3), and CR 11 as sanctions. Under RAP 18.1(a), we may award attorney fees on appeal if "applicable law grants to a party the right to recover reasonable attorney fees."

A. RCW 7.06.060 and SCCAR 7.3

Eastlake requests attorney fees under RCW 7.06.060 and SCCAR 7.3. Under RCW 7.06.060(1), the superior court "shall assess costs and reasonable attorneys' fees against a party who appeals the award and fails to improve his or her position on the trial de novo."[5] But, as discussed above, chapter 7.06 RCW does not govern the parties' arbitration agreement, and no trial de novo occurred. So, the Pattersons did not fail to improve their position after a trial de novo. As a result, RCW 7.06.060 does not entitle Eastlake to attorney fees on appeal.

---

[5] The language of SCCAR 7.3 is almost identical to RCW 7.06.060(1).

7

B. RCW 7.04A.210

Eastlake also requests attorney fees under RCW 7.04A.210. Under that statute,

> [a]n arbitrator may award attorneys' fees and other reasonable expenses of arbitration if such an award is authorized by law in a civil action involving the same claim or by the agreement of the parties to the arbitration proceeding.

RCW 7.04A.210(2). But Eastlake fails to identify a law that authorizes it attorney fees or an agreement by the parties to award fees. As a result, we decline to award attorney fees under RCW 7.04A.210.

C. RCW 7.04A.250(3)

Eastlake also asks for attorney fees under RCW 7.04A.250(3). Under this statute,

> [o]n application of a prevailing party to a contested judicial proceeding under RCW 7.04A.220, 7.04A.230, or 7.04A.240, the court may add to a judgment confirming, vacating without directing a rehearing, modifying, or correcting an award, attorneys' fees and other reasonable expenses of litigation incurred in a judicial proceeding after the award is made.

RCW 7.04A.250(3). But we did not confirm, vacate, modify, or correct an arbitration award. Instead, we affirmed the court's order striking the Pattersons' request for a trial de novo. So, RCW 7.04A.250(3) also does not entitle Eastlake to attorney fees on appeal.

D. CR 11

Finally, Eastlake requests attorney fees as a sanction under CR 11, arguing that the Pattersons' appeal was "baseless."

Under CR 11(a),

> [t]he signature of a party or of an attorney constitutes a certificate by the party or attorney that the party or attorney has read the pleading, motion, or legal memorandum, and that to the best of the party's or attorney's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>     (1) it is well grounded in fact;
>     (2) it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law; [and]
>     (3) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

If a person signs a pleading in violation of this rule, the court "may impose upon the person who signed it, a represented party, or both, an appropriate sanction," which may include "a reasonable attorney fee." CR 11(a)(4).

Eastlake fails to show that the Pattersons' appeal rises to a level of baselessness, warranting CR 11 sanctions. As a result, we deny its request.

We affirm the trial court's order striking the Pattersons' request for a trial de novo and decline to award any party attorney fees on appeal.

_____, ACJ

WE CONCUR:

_____        _____
Díaz, J.                       Chung, J.

9